## LESTER et al. v. SMITH et al.

No. 11407—Opinion Filed June 28, 1921.

Rehearing Denied Sept. 27, 1921.

(Syllabus.)

### Guardian and Ward—Appointment of Guardian—Validity.

In a proceeding for the appointment of a guardian for a minor, when all of the statutory requirements and the orders of the court in regard to notice have been complied with and the petition states all the essential jurisdictional facts to confer jurisdiction on the court, the petition alleges the minor is over the age of 14 years and such minor files a written nomination of guardianship, and after a hearing had the court appoints the guardian so nominated and no fraud is shown, the appointment will be held valid.

Error from District Court, Carter County; John L. Coffman, Assigned Judge.

Action by Welsley Lester et al. against C. R. Smith et al. to recover 120 acres of land. Judgment for the defendants, and plaintiffs appeal. Affirmed.

Ledbetter & Letbetter, for plaintiffs in error.

Potterf, Gray & Disney and Stuart, Sharp & Cruce, for defendants in error.

MILLER, J. This action was commenced in the district court of Carter county by Wesley Lester and D. E. Booker, as plaintiffs, against C. R. Smith, Marie S. Smith, Mrs. Mary Stuard Smith, Will H. Smith, Margaret L. Smith, Charles Robert Smith, Jr., and C. S. Davis, defendants, to recover 120 acres of land situated in Carter county and which was a part of the allotment of the said Wesley Lester, he being a Chickasaw Indian of three-eighths blood. The enrollment record shows that he was born on the 21st day of September, 1897. The case was tried to the court without a jury and resulted in a judgment in favor of the defendants, to reverse which the plaintiffs perfected this appeal and appear here as plaintiffs in error. For convenience, the parties will be referred to as they appeared in the court below.

The facts, briefly stated, are as follows:

Wesley Lester was the son of Ella Williams, who had intermarried with George M. Williams subsequent to the birth of the said Wesley Lester, Ella Williams also had another son, Moran S. Lester, who was about two years older than Wesley. Four children were born to George M. Williams and Ella Williams. The two Lester boys resided with their mother and step-father as members of the family, and it appears they were cared for by them the same as the Williams children.

In February of 1911, George M. Williams instituted proceedings in the county court of Carter county to have himself appointed as guardian of his minor children, also Moran and Wesley Lester. At this time, and for a long time prior thereto, Williams lived in Carter county with his family, which included the two Lester boys. Letters of guardianship were issued by the county court to George M. Williams as guardian of the two Lester boys and three Williams children.

Thereafter proceedings were instituted by George M. Williams, as guardian, to sell 120 acres of land belonging to Wesley Lester and being a part of his allotment. The land was sold to one of the defendants herein, and is the land in controversy in this action. Certain other conveyances were made by the defendants in this action and this suit was brought to have all of said deeds canceled.

The petition states that the defendants were in the possesion of the land and had been in possession for six years prior to the bringing of this action and had received the rents and profits therefrom.

After Wesley Lester became of age and before this suit was instituted, he deeded a one-half interest in this land to his co-plaintiff, D. E. Booker. The plaintiffs contend that the appointment and the proceedings leading up to the appointment of George M. Williams as guardian of Wesley Lester are void, and for that reason the deed made by Williams, as such guardian, is likewise void and did not convey any title to the defendants.

Plaintiffs make this contention in their brief:

"It appears from the petition of the said George M. Williams as the purported guardian of Wesley Lester that Wesley Lester was at the time of filing said petition over the age of 14 years; that said Wesley Lester did not appear and consent that the said George M. Williams be appointed as guardian, and, no notice was served upon him that the said George M. Williams would ask to be appointed guardian over his person and estate.

"(b) That at the time of the filing said petition by said George M. Williams, the said Wesley Lester was above the age of 14 years and was living in the care and custody of his mother, Ella Williams; that the said Wesley Lester is the illegitimate son of Ella Williams and that the said Wesley Lester did not nominate George M. Williams as his guardian, nor did he appear in court by a pleading or otherwise by which he gave to the county court of Carter county, jurisdiction to make the appointment; that George Williams was at the time married to Ella Williams and was living with her as her husband, but the plaintiffs alleged that the appointment of said George M. Williams as guardian of the said Wesley Lester was procured by fraud, in that the said George M. Williams did not procure the written consent of said Wesley Lester to have himself appointed guardian over the said Wesley Lester and the said Wesley Lester did not appear in open court and consent that the said George M. Williams be appointed as guardian; that the said George M. Williams procured the appointment of himself as guardian of the person and estate of the said Wesley Lester in order to secretly obtain the title to the lands allotted the said Wesley Lester, for his own use and benefit or for the use and benefit of some other person."

The plaintiffs have made several assignments of error, but make their argument and submit their authorities on the following two propositions:

"1st. That the attempted appointment of George M. Williams as guardian of Wesley Lester in 1905, was void, and all proceedings pursuant to said appointment, including the deed from George M. Williams to C. R. Smith, are likewise void for the reason that no notice of the appointment was given.

"2nd. The attempted appointment of George M. Williams as guardian of Wesley Lester in February, 1911, is void and all proceedings pursuant thereto, including the deed of George M. Williams to C. R. Smith, are void for the reason that no notice of the application for appointment was given."

The first proposition refers to the appointment of George M. Williams as guardian of Moran Lester and Wesley Lester and the Williams children in 1905, but we do not believe this has anything to do with the case, as we conclude the proceedings leading up to the appointment and the appointment of George M. Williams as

guardian of Wesley Lester in 1911 are valid; therefore it will be unnecessary to pass upon the question raised by the paragraph marked "1st."

In the first part of plaintiffs' brief they claim the appointment was void because Wesley Lester was over 14 years of age and did not nominate George M. Williams as his guardian. They base their argument on the theory that he was not 14 years of age and no notice was served on him of this application or proposed hearing for the appointment of a guardian of his person and estate.

The petition for appointment of guardian filed in the county court of Carter county, omitting the caption, reads as follows:

"In the Matter of the Guardianship of Moran S. Lester, Wesley Lester, Orin Williams, Ruth Williams, Geo. Kelton Williams, minors.

"Comes now Geo. M. Williams and shows to the court that he is a resident of Fox, Carter county, state of Oklahoma, and Moran S. Lester age 16 years, Wesley Lester age 14 years, Orin Williams, age 10 years, Ruth Williams age 7 years, Geo. Kelton Williams, age 5 years. That all of said minors reside with petitioner, near Fox, Carter county, Oklahoma.

"That said named wards have estate of the following general character and value in the counties of Carter, Stephens, Jefferson, Murray, state of Oklahoma, to wit:

"That each of said minors have an allotment of land as members of the Chickasaw Tribe of Indians.

"That the next of kin and persons having care of said minors are Geo. M. Williams, father and step-father, and Ella Williams, mother, with whom said minors live, near Fox, Carter county, Okla.

"That petitioner is the father and step-father of said minors.

"That it is necessary that a guardian be appointed for said Wesley Lester, Moran S. Lester, Orin Williams, Ruth Williams, Geo. Kelton Williams for the following reasons:

"To manage and control the allotments of said minors.

"That George M. Williams for whom letters of guardianship are asked to be issued, is a resident of Fox in said county of Carter, having his post office address at Fox.

"Wherefore petitioner prays that Geo. M. Williams be appointed guardian of said Moran Lester, Wesley Lester, Orin Williams, Ruth Williams, Geo. K. Williams.

"George M. Williams, Petitioner."

The record shows the petition was filed February 7, 1911, in the office of the clerk of the county court of Carter county, and upon this petition the county judge made the following order:

"Now, on this 7th day of Feburary, 1911, Geo. M. Williams having filed in this court his petition showing that it is necessary that guardian be appointed for the person and estate of Moran S. Lester, Wesley Lester, Orin Williams, Ruth Williams, Geo. Kelton Williams, and praying that letters of guardianship be issued to George M. Williams.

"It is ordered that said petition be and hereby is set for hearing on the 20th day of February, 1911, at 10 o'clock a. m., and that notice thereof be given by posting notices in three public places in Carter county, for ten days before the day of hearing."

The county judge on the same day issued and signed the notice which, omitting the formal parts, is as follows:

"You are hereby notified that Geo. M. Williams has filed in this court an application for the appointment of Geo. M. Williams as guardian of the person and estate of said Moran S. and Wesley Lester, Orin, Ruth, Geo. Kelton Williams, and that said application will be heard at the court room of said court on the 20th day of February, 1911, at 10 o'clock a. m., at which time you may appear and show cause if any you have, why said application should not be granted."

Attached to the notice is the affidavit of George M. Williams showing the notice was posted in compliance with the order above referred to. The appointment was made on the 20th day of February, 1911. On this same day there was filed in the office of the clerk of the county court of Carter county in guardianship proceedings No. 344 being the proceedings under which George M. Williams was appointed guardian of Wesley Lester, the following paper:

"We Moran S. Lester, age 16 years and Wesley Lester, age 14 years, select our step-father, Geo. M. Williams, as our guardian and ask the county court to appoint the said George M. Williams our guardian.

"Dated this 20th day of February, 1911.

"Moran S. Lester,
"Wesley Lester."

Under these proceedings as instituted and this state of the record, the only question to be determined by this court is, Did the county court of Carter county, on February 20, 1911, have jurisdiction to appoint George M. Williams guardian of Wesley Lester as shown by the face of the record? We think it did.

The petition filed on February 7, 1911, asking for the appointment of George M.

Williams as guardian, was a new proceeding begun in the county court of Carter county and made no reference whatever to the existence of any former guardianship. The petition was filed as required by the statutes; the notices were given in compliance with the order of the court.

Section 6522, Revised Laws of Oklahoma, 1910, provides as follows:

"The county court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates or either, or both of them, of minors who have no guardian legally appointed by will, or deed, and who are inhabitants or residents of the county, or who reside without the state and have estate within the county. Such appointment may be made on the petition of a relative or other person in behalf of such minor. Before making the appointment the judge must cause such notice as he deems reasonable to be given to the relatives of the minor residing in the county, and to any person having care of such minor."

In Asher v. Yorba et al., 125 Cal. 513, 58 Pac. 137, the Supreme Court of California had this same section of the statute under consideration, and laid down the following rule:

"Under Code Civ. Proc. para. 1747, providing that, before making appointment of a guardian, the court must cause such notice as it deems reasonable to be given to the person having care of the minor, and such relatives as the court may deem proper, posting of notice for 10 days in three public places, under direction of the court, is sufficient.

"Under Code Civ. Proc. para. 1747, providing that before the appointment of a guardian, notice shall be given to such relatives of the minor residing in the county as the court may deem proper, the court has authority to give notice by posting for 10 days in three public places."

The probate procedure of Oklahoma was acquired from California. California construed this section in 1899 when the above opinion was rendered by the Supreme Court. It is presumed the Legislature of Oklahoma knew of this decision of the Supreme Court of California and adopted the above statute with full knowledge of this decision. Therefore this decision is very persuasive with us. We think the notice was sufficient.

On plaintiffs' first theory, that Wesley Lester had a right to nominate his guardian, he exercised that right by a nomination in writing. He testified in this case that he did not sign any paper in 1911 which could be such a paper as the one above quoted and purporting to have been signed by him. This fact was found against him by the trial court in rendering the judgment it did render, and we think there was sufficient evidence to establish the fact that he did sign the paper.

The petition for the appointment of guardian shows on its face that Wesley Lester was 14 years old. The record in the county court shows the posting of the notice as required by the order and the nomination of George M. Williams as guardian by Wesley Lester. These establish the jurisdictional facts in controversy, and we think are sufficient to uphold the appointment.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J. and JOHNSON, ELTING, and KENNAMER, JJ., concur.