**GIVEN et al. v. POLLOCK.**

No. 13733—Opinion Filed July 10, 1923.

(Syllabus.)

**Guardian and Ward—Appointment of Own Guardian by Ward of Fourteen Years—Approval by Court.**

Where a minor who has attained the age of fourteen years appoints his own guardian under section 6529, Rev. Laws 1910, such appointment is subject to the approval of the county judge, but the only discretion which can be exercised by the county judge is as to whether the nominee is a suitable and competent person and resides in the state; and, unless the nominee was unsuitable and incompetent, or a nonresident of the state, it was error to refuse to approve the nominee.

Error from District Court, Carter County; B. C. Logsdon, Judge.

In the matter of the guardianship of Geneva May Given. From an order refusing to appoint J. B. Mosely to succeed T. J. Pollock as guardian, the ward and Mosely bring error. Reversed and remanded, with directions.

Young, McKenzie & Haste and Warren K. Snyder, for plaintiffs in error.

Adams & Orr, for defendant in error.

COCHRAN, J. On January 31, 1922, T. J. Pollock was acting as guardian of the person and estate of Geneva May Given under an appointment made by the county court of Carter county, Okla. On that date, the minor being more than 14 years of age, and not having exercised her privilege of appointing a guardian after she had reached the age of 14 years, filed her petition in the county court of Carter county, Okla., appointing J. B. Moseley as guardian of her estate, and on February 10, 1922, J. B. Mosely filed his application to be appointed guardian of said minor. This matter coming on for hearing in the county court, an order was made refusing to appoint J. B. Moseley as guardian of said minor. An appeal was perfected to the district court of Carter county, and upon hearing in said court an order was entered refusing to appoint J. B. Moseley guardian of said minor, and the district court, in substance, found that the county court of Carter county, Okla., did not abuse its discretion in refusing to revoke the letters of guardianship to T. J. Pollock, and in refusing to appoint J. B. Moseley guardian of the estate of said ward; that Geneva May Given, while living at Sulphur had her legal residence in Ardmore, Okla., and while she had property in Murray county, the greater part of her estate was located in Carter county, and J. B. Moseley was a nonresident of Carter county and was a resident of Sulphur, Murray county; and upon such findings, an order was made refusing to appoint J. B. Moseley as guardian. From this order, an appeal has been perfected to this court.

Section 6529, Rev. Laws 1910, provides:

"When a guardian has been appointed by the court for a minor under the age of 14 years, the minor, at any time after he has attained that age, may appoint his own guardian, subject to the approval of the county judge."

It has been held that the only discretion which the county judge could exercise in acting on the choice of the minor was as to whether the nominee was a suitable and competent person and resided in the state.

It is contended by the defendant in error that although the special findings of the trial court do not contain a finding that J. B. Moseley was an unsuitable or incompetent person, the general finding carries with it a finding to that effect. There would be some merit in this contention if there were any evidence whatever in the record tending to show that J. B. Moseley was unsuitable or incompetent, but there is no evidence whatever to that effect; hence, we must treat this case as one where the court refused to appoint the nominee of the minor although the evidence shows him to be a suitable and proper person to act as such guardian.

In Re Kirkman's Estate (Cal.) 144 Pac. 745, the court said:

"The whole scheme contemplates the absolute right of the minor to have a guar-

dian of his own selection after he is 14 years of age, provided always he selects a person who is, in the judgment of the court, a suitable person to act as guardian. The discretion of the court can be exercised only in the determination of the question whether the nominee is a 'suitable person.' "

In Parker v. Lewis, 41 Okla. 807, 147 Pac. 310, it is said:

"After parents, the next of kin are preferred as guardians of children under 14, or of children over 14 who do not determine their guardian by their own choice. Where these preferences are indicated by statute, they cannot be disregarded but for sufficient reasons appearing to the court."

In State ex rel. Pinger v. Reynolds (Mo.) App.) 97 S. W. 65, the court said,

The only discretion the probate court could exercise in acting on her choice related to the question whether her nominee was a suitable and competent person and resided in this state. Finding him to possess these qualifications, the court could not reject him, although it might be of the opinion that another person was better qualified to perform the trust."

The district court evidently based its judgment upon the fact that the legal residence of the minor was in Carter county, and that, while she had an estate in Murray county, the greater part of her estate was in Carter county, and that the guardian nominated by her was a resident of Murray county. None of these things show, or tend to show, in any way that J. B Moseley was an unsuitable or incompetent person to act as guardian of this minor, and it is our opinion that there is no evidence to support the judgment rendered in the lower court.

The judgment of the trial court is reversed, and cause remanded, with directions to set aside the judgment heretofore entered and enter a judgment directing the county court of Carter county to revoke the letters of guardianship of T. J. Pollock, and directing the county court to appoint J. B. Moseley as guardian of the estate of Geneva May Given, and for such other and further proceedings as may be consistent with this opinion.

JOHNSON, C. J., and KENNAMER, BRANSON, and MASON, JJ., concur.