## MULLEN et al. v. HAWKINS.

No. 13606—Opinion Filed Jan. 15, 1924.

1. **Guardian and Ward—Appointment of Guardian—Collateral Attack.**

Where a probate record of the county court shows upon its face that the service relied on is bad in the appointment of a guardian, the appointment is subject to an equitable or collateral attack.

2. **Same—Invalidity of Appointment and Proceedings.**

The appointment of a guardian by the county court for Veta Stevenson, a minor above the age of 14 years, based on a written waiver and nomination of guardian signed "Vedia S.," is subject to a collateral or equitable attack, and where on the trial of the cause it clearly appears from the evidence that the subscription "Vedia S." was not intended by the subscriber thereof as her signature, and that she had no knowledge of the contents or nature of the instrument to which she subscribed "Vedia S.," made no appearance in court, had no notice or knowledge of the appointment of the purported guardian, nor of any of the proceedings based thereon, under which her allotment was sold by the purported guardian, the appointment of the guardian and all proceedings based thereon, are void.

3. **Same—Mandatory Statutes.**

Sections 1434 and 1435, Comp. Stat. 1921, authorizing and providing for the appointment of guardians for minors by the county court, are mandatory, and must be substantially complied with, in order to give the court jurisdiction to make the appointment.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by Veta Hawkins, nee Stevenson, against J. S. Mullen and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Moore & West, for plaintiffs in error.

R. L. Disney, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Love county, Okla., by the appellee, Veta Hawkins, nee Stevenson, against J. S. Mullen et al., appellants, for the cancellation of a certain deed conveying land belonging to the plaintiff, Veta Hawkins; said conveyance having been executed and delivered to J. S. Mullen, one of the appellants, by Isaac Stevenson, the father and guardian of plaintiff. Plaintiff alleges that said guardianship sale and deed were void for the reason that the said allottee, plaintiff herein, at the time of the appointment of guardian, was above the age of 14 years, and that she did not nominate or appoint said Isaac Stevenson to be her guardian, and was never at any time cited by the county judge for ten days to appoint or nominate a suitable person to be her guardian; that, therefore, the purported appointment of Isaac Stevenson as her guardian was void, and likewise the purported guardianship sale of her land was void; and further alleges that no notice was given of said purported appointment to the relatives of the minor residing in the county, and to a person having the care of such minor, the plaintiff herein; and alleges that same were void for the further reason that the purchase price to be paid for said land had been agreed upon by her purported guardian, Isaac Stevenson, and the said J. S. Mullen, his agents and employes, prior to the guardianship sale, and were void for the further reason that the petition for said appointment of guardian was not executed or witnessed as required by law, and that the petition for the sale of said real estate made by the said Isaac Stevenson was not executed or witnessed as required by law, and that notice of said sale was not given as required by law; and that notice for the application for permission to make said sale was not properly given; and that before the hearing on the petition for sale of said land neither the guardian nor the ward, plaintiff herein, was present or examined as to the necessity for said sale of all of which defects the defendants had notice. That subsequent to the execution and delivery of the guardian's deed to J. S. Mullen, said lands were conveyed by said J. S. Mullen to one C. S. Kinkaid, and mortgage executed to D. Lacey; that both said deed and mortgage were taken with full knowledge of all of the defects heretofore alleged in said proceedings, and are therefore void, and plaintiff prays for cancellation of all of said instruments, and asks for rents in the sum of $1,000.

The defendant J. S. Mullen filed his answer and denied all the allegations set forth in the petition of plaintiff, and alleges that the title is now vested in him and the said C. S. Kinkaid and D. Lacey, mortgagee, by virtue of the guardianship sale. That said sale was conducted in a lawful manner and that the plaintiff cannot attack the validity of same in this proceeding, except for fraud, which is not pleaded and that she is now estopped from setting up purported defects in said sale. The defendant C. S. Kinkaid and D. Lacey filed their answers, in which they allege they are innocent purchasers for value and hold through conveyances from the said J. S. Mullen. Upon the issues thus joined the matter was submitted to the court without the intervention of a jury on the 29th day of March, 1922, and counsel for plaintiff and defendants stipulated as to the following state of facts:

"That the said Veta Hawkins, nee Stevenson, is a Chickasaw freedman, that she was allotted the land in question and that the deeds and mortgage referred to in plaintiff's petition appear of record in the office of the county clerk of Love county; they also agreed that the rental value of said land is $1.00 per acre. And that the enrollment records show that the plaintiff, Veta Stevenson, was borned September 27, 1901, and that C. S. Kinkaid was an employe in the office of J. S. Mullen at the time he took the deed of conveyance of the lands in controversy from J. S. Mullen. The plaintiff then offered in evidence depositions of the clerk of the county court of Carter county in which she attempts to show that she never filed a written nomination of Isaac Stevenson as her guardian. She showed by the clerk that there appeared of record a written nomination in due form, that same was filed on the 7th day of July, 1916 and was signed,

"'Vedia S.'"

The defendants offered in evidence a certified copy of the probate proceedings of Carter county in the matter of the guardianship of Veta Stevenson; the same, however, was not admitted on account of objections having been made by the plaintiff and sustained by the court. Both plaintiff and defendants rested their case and the court entered a judgment in favor of the plaintiff, Veta Stevenson, motion for a new trial was duly filed and overruled from which judgment the plaintiffs in error have appealed to this court. Plaintiffs in error assign numerous specifications of error to the effect that said judgment was contrary to law and the evidence, and that the court erred in excluding the evidence offered by the defendants, being a certified copy of the transcript of the probate proceedings in the sale of the land, by the county court of Carter county, and that the court erred in rendering the judgment for the reason that this is a collateral attack on the decree of the county court appointing the guardian, and the order of sale issued by the county court of Carter county, and confirmation thereof.

The facts as disclosed by the record were substantially as pleaded. There was no notice to the minor to nominate the guardian, the minor never appeared in court at any time for that purpose, or any other purpose, and it is conceded that she was above the age of 14 years. The decree of sale was granted the same day the petition for sale was filed. The minor was not present, and there is nothing in the record to indicate that any hearing was had or evidence taken at the time the order of sale was granted. An instrument is offered in evidence, and shows to have been filed in the case, purported to be a waiver and nomination of guardian by the minor, and is signed "Vedia S.", which plaintiffs in error contend is the signature of Veta Hawkins, nee Stevenson. Defendant in error admits that the instrument was presented to her at her home near Milo, Carter county, by one whom she afterwards learned to be J. S. Mullen, one of the plaintiffs in error, and that she was asked to sign same and started to subscribe her name to the instrument, acting under the impression that it was a lease, but changed her mind and decided not to sign it and did not sign it, and further testified that she had no knowledge of the guardianship proceedings on the purported sale of her lands. Plaintiffs in error contend that the things herein complained of are mere irregularities, and that this action constitutes a collateral atack on the judgment of the county court of Carter county, a court of general jurisdiction, and is not permissible. And further contend, that in matters of appointment of guardians for minors above the age of 14 years, the statutes do not require a written nomination, and, second, that the county court may cite such minor to appear and nominate a guardian, and, if the minor fails to do so within ten days, the court may then make the appointment, and here cite sections 1434 and 1435, Comp. Stat. 1921, which are as follows:

"If the minor is under the age of fourteen years, the county judge may nominate and appoint his guardian; if he is above the age of fourteeen years, he may nominate his own guardian, who, if approved by the judge, must be appointed accordingly. And the county court, in appointing a guardian is to

be guided by the considerations named in section 6584.

"If the guardian nominated by the minor be not approved by the judge, or if the minor resides out of the state, or if, after being duly cited by the judge, he neglects for ten days to nominate a suitable person, the judge may nominate and appoint the guardian, in the same manner as if the minor was under the age of fourteen years"

—and also cites the case of Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090; and the case of Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, and many other authorities in support of this contention; but we cannot agree with this contention; neither do we find that the authorities cited and relied upon uphold the same.

Defendant in error makes the contention that this action would be permissible even though it be a collateral attack, but denominates it as a suit in equity brought directly for the purpose of canceling the guardian's deed and other instrument based thereon, all of which are based on the void appointment of the guardian, and here cites the case of Hoffer v. Jones, 67 Okla. 171, 169 Pac. 652, wherein the court announces:

"In a collateral atack upon probate proceedings in the county court the scope of inquiry is confined to the question, whether the county court had jurisdiction * * *"

—and also the case of Good v. First National Bank of Roff, 88 Okla. 110, 211 Pac. 1051, wherein this court said:

"A judgment void for want of valid service upon the defendant, appearing from an inspection of the judgment roll may be vacated any time or attacked collaterally"

—and urges that there was no valid service or notice to the minor of the appointment of the guardian, and calls attention to the purported waiver and nomination of guardian by the minor which shows upon its face that it was not a valid waiver or nomination, and contends that the purported signature "Vedia S." is in fact no signature at all, and would tend to indicate a refusal on the part of the petitioner to nominate rather than a valid application or petition to nominate, and takes the position that no nomination having been made, no notice given by the court to the minor as required by statutes, and the notice and nomination is jurisdictional, and that an appointment of guardian made without either is void and subject to collateral attack, and cites the case of Title Guaranty Co. v. Foster, 84 Okla. 291, 203 Pac. 231, in support of this contention, wherein the court said:

"While a judgment rendered in the exercise of jurisdiction could not be impeached collaterally, the three jurisdictional elements necessary to sustain a judgment may be inquired into by an inspection of the judgment roll on a collateral attack."

We think that proper notice or nomination is a jurisdictional element and without it the appointment of guardian is unauthorized and void. The court, in the case of Ross v. Breen, 88 Okla. 37, 211 Pac. 417, in construing section 6570, Rev. Laws 1910, sec. 1435, Comp. Stat. 1921, providing for the appointment of the guardian for a nonresident minor who has property within the state, and requiring that notice be given to all interested in such manner as the judge orders, held:

"That the provisions of the statutes are mandatory and that the giving of notice is jurisdictional and that an appointment made without such notice is void."

The court further held in that case in the fifth paragraph of the syllabus thereof:

"A collateral attack on the judgment or judicial proceeding is an attempt to avoid, defeat or evade it or to deny its force and effect in some manner other than appeal, writ of error, certiarari, or motion for a new trial, or by a proper action in equity"

—and also cites the case of Winona Oil Company v. Barnes, 83 Okla. 248, 200 Pac. 981, wherein the court said:

"Where the record in the case affirmatively discloses that the court was without power to make the order or decree it assumed to make, such order is void subject to collateral attack for want of jurisdiction in the court to make the same."

Defendant in error makes the contention that this is a direct attack and not collateral, and attempts to distinguish it from the case of Hathaway v. Hoffman and other cases of that character. It is, we think, a suit in equity, and might be denominated either a direct or collateral attack. It is distinguished from a direct attack in that there is no specific provision of the statutes authorizing it, and might be distinguished from a collateral attack in that it does not come within the express provisions of the law authorizing a collateral attack. But it is authorized by reason of the broad and beneficent rules of equity jurisprudence, based on the rule of natural, immutable, substantial justice. Pomeroy's Equity Jurisprudence (4th Ed.) sec. 2084, says:

"In many cases court of equity will intervene to prevent injustice when a court of law has acted without jurisdiction. This intervention is based on the inequitable results which follow and frequently is wholly

independent of any wrong on the part of the prevailing party. One of the commonest illustrations is found in cases where no jurisdiction has been obtained because there has been no service of summons or process."

This rule was relied upon by this court in the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and we are inclined to the opinion that the appointment of guardian in this case was void and subject to the character of attack herein made upon it. One of the provisions of section 1434, Comp. Stat. 1921, is:

"That if the minor is above the age of fourteen years, he may nominate his own guardian, who if approved by the judge, can be appointed accordingly."

The statute does not provide the manner of making the nomination, but unquestionably it must be either in writing or by personal request in open court made by the minor, which must be made of record. The purported written nomination in this case is clearly not sufficient, and there is no contention made that the minor, Veta Stevenson, ever appeared in open court, and she states in her testimony, which is uncontradicted, that she was never in the court house before (referring to the trial of this case), and had no knowledge whatever of the appointment of her guardian or of the sale of her land at the time of the transferring of these events.

The next section, 1435, provides that:

"If the guardian nominated by the minor be not approved by the judge, or if the minor resides out of the state, or if after being duly cited by the judge he neglects for ten days to nominate a suitable person, the judge may nominate and appoint the guardian."

But no contention is made that there was any attempt made by the court to apply these provisions of law. The court evidently acted upon the theory that the purported waiver and nomination was sufficient, and we think it a fair presumption that no other character of notice or service was attempted, and in the case of Pettis v. Johnston, supra, we find this language:

"If it appear positively that process was served in a particular mode, no other or different service will be presumed."

And while in this case the record does not disclose positively the manner of process, it does disclose the attempted services of process relied upon, and the fact that no contention is made that any other kind of service or process was attempted or made, we think it fair to presume that the court

relied upon the instrument denominated a waiver and nomination of guardian, and signed "Vedia S.," as being the only notice or character of service to obtain jurisdiction, and that, in our judgment being insufficient, we think it decisive of the rights of the parties in this case and make no further mention of the errors complained of relative to the further proceedings in the guardianship matter of the sale, and confirmation of the deed to the land of the defendant in error. The appointment of guardian being void, all order and acts based thereon would necessarily be null and void and of no force or effect, and hence we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.