## In re GUARDIANSHIP of BAPTISTE et al.

No. 16738—Opinion Filed Dec. 15, 1925.

Rehearing Denied Feb. 23, 1926.

(Syllabus.)

1. **Guardian and Ward—Nomination of Guardian by Minors.**

Under section 1434, C. O. S. 1921, where minors over the age of 14 years nominate W. E. Buchannan and ask that he be appointed as guardian, it is the duty of the county court to appoint said person so nominated if found to be a suitable person.

2. **Same—Invalidity of Appointment Contrary to Nomination.**

Under section 1435, C. O. S. 1921, where the guardian, W. E. Buchannan, nominated by minors over the age of 14 years, was not approved by the county judge, the county judge is without authority to immediately appoint Elmer McCauley as guardian of said minors, without giving the minors a chance to nominate a suitable person.

3. **Same—Nomination by Mother of Minors.**

Where the mother of minors under the age of 14 years, the father being dead. nominates a suitable person, and requests that such person be appointed guardian of her children, it is the duty of the county court to appoint such person guardian of said minors.

4. **Appeal and Error—Lack of Appealable Interest — Dismissal — Guardian and Ward.**

Where minors over the age of 14 years, and the mother of minors under the age of 14 years, all of said minors being brothers and sisters, appeal d from the action of the county court refusing to appoint their nominee guardian of said minors, and the district court finds that such person so nominated is a suitable person, and reverses the judgment of the county court, and a third person appointed guardian by the county court appeals to this court, and where the record fails to show that said third person was ever duly qualified as guardian of said minors. held, that said third person has no appealable interest in said cause of action, and that on proper motion his appeal will be dismissed.

Error from District Court, Carter County; Asa E. Walden, Judge.

In the matter of guardianship of Jane Baptiste and others. From adverse judgment, Elmer McCauley brings error. Dismissed.

Hodge & Schenk and J. A. Bass, for plaintiff in error.

A. Eddleman, for defendants in error.

CLARK, J. On the 20th day of March, 1925, the county court of Carter county, Okla., by proper order removed W. J. Farve, guardian of Jane Baptiste, Akers Baptiste, Lee Baptiste, and Dolph Baptiste. On the 10th day of April, 1925. Akers Baptiste and Jane Baptiste. being over the age of 14 years, filed in the county court of Carter county their nomination and selection of a guardian, in which they nominated W. E. Buchannan, and asked the county court to appoint said W. E. Buchannan their guardian. On the same date, Frizene Baptiste,

the mother of Jane and Akers Baptiste and of Lee and Dolph Baptiste, the father of said children being dead, filed her nomination and request that the said W. E. Buchannan be appointed guardian of Lee and Dolph Baptiste, said Lee and Dolph being under the age of 14 years. On the 10th day of April, 1925, the county court, after hearing testimony, refused to appoint said W. E. Buchannan guardian of said minors, but appointed one Elmer McCauley, from which order of the court refusing to appoint said W. E. Buchannan, and appointing Elmer McCauley guardian, Jane Baptiste, Akers Baptiste, and Frizene Baptiste appealed to the district court.

On the 30th day of June, 1925, the cause came on to be heard in the district court of Carter county, state of Oklahoma, and the court, after hearing all of the evidence, found that the said W. E. Buchannan was a proper and suitable person to act as guardian of said minors, and reversed the county court, with directions to appoint said W. E. Buchannan guardian for the persons and estates of said minors, from which order and judgment of the court said Elmer McCauley has perfected his appeal to this court.

Jane Baptiste, Akers Baptiste, and Frizene Baptiste filed their motion in this court asking that said appeal be dismissed for the following reasons:

"(1) Because plaintiff in error, Elmer McCauley, was not a party to the proceedings in the county court and has not since been made or made himself a party to this cause.

"(2) Because said Elmer McCauley does not appear to have any interest in this cause or in said minors or in their estate entitling him to become a party to this proceeding or to appeal this cause to this court.

"(3) Because said McCauley was not in fact a party to the proceeding in the district court or entitled to become such upon the record in this cause.

"(4) Because the judgment of the district court is within the issues presented and the sufficiency of the evidence to sustain the judgment was not raised in the trial court, either by demurrer to evidence or by motion for judgment upon all the evidence, hence objections to the sufficiency of the pleadings and of the evidence to sustain the judgment are waived and there is nothing for this court to review."

Elmer McCauley filed his response to said motion to dismiss, in which he states:

"(1) At the same time that the court refused to appoint W. E. Buchannan as guardian, the court did appoint Elmer McCauley, as guardian of said minors.

"(2) That Elmer McCauley had made bond as guardian and is now the duly appointed, qualified and acting guardian of said minors.

"(3) That by reason of said appointment as guardian of said minors, he has such an interest in this case that the rights of W. E. Buchannan can not be determined without affecting the rights of Elmer McCauley."

Sections 1434 and 1435, C. O. S. 1921, which are applicable in this case, are as follows:

"If the minor is under the age of 14 years, the county judge may nominate and appoint his guardian; if he is above the age of 14 years, he may nominate his own guardian, who, if approved by the judge, must be appointed accordingly. And the county court, in appointing a guardian is to be guided by the considerations named in section 6584.

"If the guardian nominated by the minors be not approved by the judge, or if the minor resides out of the state, or if, after being duly cited by the judge, he neglects for ten days to nominate a suitable person, the judge may nominate and appoint the guardian, in the same manner as if the minor was under the age of 14 years."

Under this statute the county court of Carter county was without authority to appoint Elmer McCauley guardian, as under the latter section, supra, the minors would have had ten days to nominate another guardian after the court had disapproved their nomination. This section has been construed by this court in the case of Mullen et al. v. Hawkins, 97 Okla. 30, 222 Pac. 697, the third paragraph of the syllabus of which is as follows:

"Sections 1434 and 1435, Comp. Stat. 1921, authorizing and providing for the appointment of guardians for minors by the county court, are mandatory, and must be substantially complied with, in order to give the court jurisdiction to make the appointment."

Section 6585, C. O. S. 1921, provides that in an appointment of a guardian for minors under the age of 14 years, the first right is given to the parent of said children. Under this section, where the parent waives the right to be appointed, and nominates a suitable person, it is the duty of the county court to appoint such person guardian of said minor children. This statute has been construed in Parker et al. v. Lewis, 45 Okla. 807, 147 Pac. 310. So, under the foregoing statutes and decisions of this court, the judgment of the district court appealed from was proper and right.

Elmer McCauley in his response to the motion to dismiss states that he has made bond as guardian and is now the duly appointed, qualified, and acting guardian of said minors.

Elmer McCauley, not having been made a party to this case in the lower court by any procedure known to the law, had no appealable interest in said proceedings. The record fails to disclose that he ever qualified as guardian. He, not being a party to the proceedings in the county court, has no such interest in this case as would give him the right to appeal. The only question before the county court in the original proceedings and before the district court on appeal was the qualifications of W. E. Buchannan. And the district court having found that W. E. Buchannan was a suitable person to act as guardian, Elmer McCauley could not complain. Under section 209, C. O. S. 1921, all actions must be prosecuted by an interested party. McCauley has no interest in this cause of action, and was not a party to this action in the district court.

For the reason stated, the appeal is dismissed.

All the Justices concur.

Note.—See under (1) 28 C. J. p. 1074, § 38; 12 R. C. L. p. 1116; 2 R. C. L. Supp. p. 1553. (2) 28 C. J. p. 1074, § 38. (3) 28 C. J. p. 1071, § 33 (anno). (4) 28 C. J. p. 1089, § 78; 2 R. C. L. p. 52; 1 R. C. L. Supp. p. 375.