## In re BIGHEART'S GUARDIANSHIP.

No. 21049. Opinion Filed Oct. 4, 1932.

Rehearing Denied Nov. 22, 1932.

Frank T. McCoy and John T. Craig, for plaintiff in error.

L. A. Justus, Jr., for defendants in error.

J. M. Humphreys, Tribal Atty., for Osage Indian Agency.

ANDREWS, J. This is an appeal from a judgment of the district court of Osage county on appeal from the county court of Osage county in the matter of the guardianship of Annabelle Bigheart, a minor.

The record shows that J. W. Keith was duly appointed as the guardian of Anna-

134

belle Bigheart, a minor, while said minor was under the age of 14 years; that thereafter the minor attained the age of 14 years; that there was filed in the county court an instrument nominating R. J. Morrow as her guardian; that after a hearing the county court found that said minor was of "arrested mentality"; that that court concluded that the statute with reference to the nomination of guardians by minors did not apply to such cases; that the county court denied the application for the appointment of R. J. Morrow as guardian; that an appeal was taken to the district court of Osage county from those portions of the order refusing to dismiss and discharge J. W. Keith as guardian and refusing to appoint R. J. Morrow as guardian, the appeal being taken upon questions of law only; that the district court found that the county court had no authority to inquire into the mental capacity of the minor; that that court had no authority to inquire into whether or not the nomination filed by the minor was, in fact, her act or the act of another, and that the county court could only determine whether or not the minor was 14 years of age and whether or not the person nominated as guardian was a proper person and lived within the state, and that the district court remanded the cause to the county court, with directions to discharge J. W. Keith as guardian, and to appoint R. J. Morrow as the guardian of the minor. From that judgment an appeal was taken to this court.

The evidence taken before the county court was not certified to the district court and the district court properly rejected any testimony as to the facts, for, by the provisions of the notice of appeal, the district court acquired jurisdiction to determine only questions of law. A legal question determined by the district court was that upon the presentation to the county court of a nomination of a guardian by a minor who had attained the age of 14 years, the county county was without authority of law to determine the mental qualifications of the minor to make such a nomination. Since no appeal was taken upon a question of fact, the finding of the county court of want of capacity of the minor is final and conclusive. While, by the provisions of section 1431, O. S. 1931 (section 1440, C. O. S. 1921), a minor, at any time after he has attained the age of 14 years, may appoint his own guardian, subject to the approval of the county judge and while, under the decisions of this court in Given v. Pollock, 96 Okla. 25, 219 P. 898, Coker v. Moore, 121 Okla. 219, 249 P. 694, and others, the only discretion that can be exercised by the coun-

ty judge is as to whether or not the nominee is a suitable and competent person and resides in the state, the county judge is a trier of facts and must determine whether or not the minor has attained the age of 14 years. If the minor has not attained that age, the statute has no application. It is conceded in this case that the minor had attained the age of 14 years at the time of making the nomination in question, if the nomination was, in fact, made by the minor. The county judge, being the trier of the facts, must determine whether or not the minor has nominated or appointed a guardian under the provisions of the statute. That is a question of fact which the county court must determine.

We are thus confronted with the question as to the meaning of the statute. Our attention is called to no authority construing it, and we know of none. Does the statute mean that the mere signing of a nomination by a minor who has attained the age of 14 years and the filing thereof with the county court requires the county court to appoint the person nominated, if that person is a suitable and competent person and resides within the state, or is the county court vested with authority to ascertain whether or not the minor has sufficient mentality to know the effect of his act? If the statute was intended to have the latter meaning, then the judgment of the district court must be reversed for the reason that there was no appeal taken from the judgment of the county court upon a question of fact.

In our opinion the legislative provision does not require the county court to appoint a guardian for a minor who has attained the age of 14 years merely because a nomination of a guardian signed by such a minor is filed in that court. The provision of the section as follows, "subject to the approval of the county judge," authorizes the county judge to determine from the evidence whether or not such a nomination was made by a person with sufficient mentality to determine for himself that he wanted the person so nominated to be appointed, in determining which, of course, the mental capacity of ordinary persons who have attained the age of 14 years is to be considered as a standard. To give the act any other construction would be to open the way to designing persons to procure the appointment of a guardian without the approval of the county judge. From the evidence sought to be introduced in the district court, it is apparent that the execution by the minor of the nomination of the guardian was not the voluntary act of the

minor and that the execution thereof was procured by the influence of others.

The judgment of the district court of Osage county is reversed and the cause is remanded to that court, with directions to render judgment denying the application for the appointment of R. J. Morrow as guardian of the person and estate of the minor, Annabelle Bigheart.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. RILEY and SWINDALL, JJ., dissent.

---

RILEY, J. (dissenting). The majority decision is admittedly a new construction.

"Subject to the approval of the county judge," as used in the statutes, section 1440, C. O. S. 1921 [O. S. 1931, sec. 1431] heretofore has meant the suitability of the person nominated to be guardian. Now it is construed to permit the county judge to inquire into the mental capacity of the minor.

It is said an adjudication to the contrary would open the door "to designing persons to procure the appointment of a guardian without the approval of the county judge." Not so for a designing person is not a suitable person, and the function of the county judge is to inquire and adjudge the suitability of the person nominated to be guardian.

The fact is, the new interpretation permits to rest in the vapor of fiction the deduction that inquiry was made to support judgments rendered appointing others than those nominated and the humanitarianism of the statute saving to the minor over 14 years the right to nominate its guardian to control its person and property is annihilated.

I can but protest and remind the court that such jurist as the Honorable John B. Harrison formally took the view that the greatest consideration ought to be given these innocent minors "who like bleating lambs are led to slaughter." Sections 1434, 1435, 1440, C. O. S. 1921 [O. S. 1931, secs. 1425, 1426, 1441].

"It is the duty of the county court to appoint said person so nominated, if found to be a suitable person." Guardianship of Baptiste Minors, 114 Okla. 116, 243 P. 938.

"He (the county judge) was without authority to immediately appoint another. * * *" Id. Parker v. Lewis, 45 Okla. 807, 147 P. 310.

"Right of minor over 14 years of age to nominate own guardian is absolute." Coker v. Moore, 121 Okla. 219, 249 P. 694.

"The only discretion of the county judge, is as to whether the nominee is a proper and suitable person. * * *" Id. Given v. Pollock, 96 Okla. 25, 219 P. 898.

This is the rule in California. In re Kirkman's Estate, 168 Cal. 688, 144 P. 745.

The decision forming the basis of the statutes safeguarding this absolute right to minors is Lee's Appeal, 27 Pa. St. Rep. 229, its date was at the turn of the second century last past (1856). It was said:

"We never heard it doubted but that a ward had the right * * * to make choice of a guardian and thereby annul the office of the guardian appointed by the court. * * *

"Such is the law, and * * * the universal practice and understanding of the profession."

Sir William Blackstone understood the rule to be contrary to the majority decision. He says:

"Guardians in socage, like those for nurture, continue only until the minor is 14 years of age; for then, in both cases, he is presumed to have discretion so far as to choose his own guardian."

The ward herein was joined in her nomination by her elder sister, Elizabeth Bigheart Mattison, and by John Bigheart, Sr.

The court did not find that the nominee of the ward was an unsuitable person, but found that the former court's appointee was a suitable person.

Why the appointment of a guardian at all unless the ward is a person of unmatured or arrested mentality?

The rule adopted by the majority, in my opinion, constitutes an open sesame for camp followers who desire to profit by patronage of courts so they may act as vultures upon the estates of indefensible children and underprivileged persons.