In the Matter of the GUARDIANSHIP OF Jeanna Diane HILL, a minor.

**James Dale HILL and Carolyn Hill, Appellants,**

v.

**Proctor E. MULLEN, Jr., Appellee.**

No. 51,112.

Supreme Court of Oklahoma.

Sept. 13, 1977.

Richard James, Stroud, for appellants.

Erwin & Butts, P.C. by Dan A. Erwin, Chandler, for appellee.

IRWIN, Justice.

58 O.S.1971, sec. 762, provides that if a minor is over the age of fourteen years, he may nominate his own guardian, who, if approved by the judge, must be appointed accordingly. The issue presented is whether the guardian nominated by such minor must be appointed, if approved by the Judge, if there is no necessity or convenience shown for the appointment.

Jeanna Diane Hill (Jeanna) is the natural daughter of appellant Carolyn Hill and appellee Proctor Mullen, Jr. Carolyn and appellee were divorced when Jeanna was three years old and Carolyn was awarded custody of Jeanna. Carolyn later married appellant James Hill and proceedings were commenced for James to adopt Jeanna. A decree of adoption was entered, the record of which included a consent to adoption and relinquishment of parental rights executed by appellee.

Over the years appellants permitted Jeanna visitation with her paternal grandparents who resided in Chandler, Oklahoma. These visitations often included time spent with appellee who was also a resident of the Chandler area. In the Spring of 1977, Jeanna now age fifteen went to Chandler, with appellants' permission, for visitation with her paternal grandmother. At the end of the anticipated one week visitation, Jeanna did not return to appellants' home in Tulsa, but remained in Chandler with appellee. Shortly thereafter, appellee filed his petition seeking his appointment as guardian of the person and estate of his daughter.

A hearing was held at which appellants appeared and objected to the appointment of any guardian for Jeanna and in the alternative asserted that should a guardian be appointed, the court had no discretion but to appoint appellant Carolyn Hill. During the hearing, Jeanna was called as a witness and after questioning as to her custodial desires, executed in the presence of the court a document nominating appellee as her guardian.

The trial court made specific findings of fact to the effect that grounds for appointment of a guardian existed and that all parties contending for appointment were fit and competent to serve in such capacity. The trial court further ruled as a matter of law that given appellee's fitness and competency to serve as guardian, the court had no alternative but to appoint appellee since appellee was the minor's nominee. An order appointing appellee guardian was duly entered. Appellants appeal.

Appellants advance two propositions for reversal of the trial court's order appointing guardian. First, appellants take the position that while the District Court had subject matter jurisdiction to appoint a guardian on the basis of the facts alleged in appellee's petition, the evidence introduced

at the hearing on the merits wholly failed to establish any reason, necessity or factual convenience to be served by such appointment. Second, appellants contend that if a guardian was necessary or convenient, one of the appellants, Carolyn Hill in particular, had a preemptive right to be appointed. Because of the conclusions we reach in conjunction with appellants' first proposition, we find no need to discuss the second.

58 O.S.1971, § 761, provides in pertinent part:

"The court of each county, when it appears necessary or convenient, may appoint guardians for the person and estates, or either, or both of them, of minors who have no guardians legally appointed by will, or deed, and who are inhabitants or residents of the county, or who reside without the state and have estate within the county. Such appointment may be made on the petition of a relative or other person in behalf of such minor. * * *"

There is no evidence that Jeanna had any estate and it appears that the appointment was sought exclusively over the person of the minor. While the provisions of § 761 admittedly afford the court broad discretion over the appointment of guardians for minors, the statute still required some evidentiary showing that there exist facts demonstrating necessitous circumstances or some legal or factual convenience to be served by the appointment. No such evidence is to be found in the record.

The evidence is that Jeanna has a living natural mother and adoptive father in whom legal custody of the minor is reposed by reason of prior decrees of divorce and adoption. Neither of these individuals have been shown to be factually incapable or legally incompetent to serve as custodians of Jeanna's person, or her estate. The record is absolutely devoid of any evidence tending to demonstrate any circumstances necessitating the appointment of a guardian. Likewise, there is absolutely no evidence to show the advancement of a factual convenience would result from the appointment of a guardian.

Although the trial court found the grounds for the appointment of a guardian existed, the only evidence adduced at the hearing was Jeanna's personal desire that she remain in Lincoln County under the guardianship of appellee. The trial court's order of appointment was predicated on this evidence alone and the dictates of 58 O.S.1971, § 762, which provides that if a minor is above the age of fourteen years, he may nominate his own guardian, who, if approved by the judge must be appointed. It is on this statutory provision that appellee primarily relies.

Appellee cites several cases as supporting his contention that § 762, supra, is mandatory on the trial judge if the minor's nominee is fit and suitable to serve as guardian. The cases upon which appellee relies are: *Lester v. Smith*, 83 Okl. 143, 200 P. 780 (1921), where a fourteen year old minor signed an application for the appointment of a guardian and later challenged the appointment; *Given v. Pollock*, 96 Okl. 25, 219 P. 898 (1923), where the minor had an estate, a guardian had been appointed, and the minor had attained the age of fourteen and nominated another as her guardian; *Mullen v. Hawkins*, 97 Okl. 30, 222 P. 967 (1926), where the trial court set aside a guardianship order involving a fourteen year old minor who had not executed a valid nomination and had no other notice of the guardianship proceedings: *Coker v. Moore*, 121 Okl. 219, 249 P. 694 (1926), where the minor had no notice of the guardianship proceedings and the court held the order appointing the guardian was void; and *In the Matter of the Estate and Guardianship of Sowerwine, a minor*, Wyo., 413 P.2d 48 (1966), where the court held that any defect in the appointment notice to the father for the appointment of a guardian for his minor son was cured by the father's voluntary appearance.

The cases cited do not support appellee's contention because they do not address the fundamental issue presented, i.e. does § 762, supra, make it mandatory upon the trial judge to appoint as guardian the minor's nominee where there is no showing of necessity or convenience for the appointment.

Appellee argues that a major portion of our probate law was taken from California and it has passed upon the exact question involved here in *In Re McSwain's Estate*, 176 Cal. 280, 168 P. 117 (1917). Although *McSwain* involved the issues here presented, the Court did not decide the issues but dismissed the appeal as being moot, the minor having reached majority and no prejudice was shown.

Our statute, with reference to necessity and convenience, is identical to the California Code which provides the Court "when it appears necessary or convenient may appoint guardians  *  *  *" The California Court in *In Re Harmon's Guardianship*, 121 Cal.App.2d 646, 263 P.2d 649 (1956), said that the first burden of petitioners in a guardianship proceeding is to establish to the satisfaction of the court that the appointment of a guardian is "necessary or convenient". See also *In Re Minnicar's Estate*, 141 Cal.App.2d 703, 297 P.2d 105 (1956). California also has a statute (Probate Code § 1406) which provides that if a minor is above fourteen years of age he may nominate his own guardian and such nominee must be appointed if approved by the court.

If Sec. 762 is operative and mandatory without first establishing necessity or convenience for the appointment of a guardian, minors over the age of fourteen could literally vitiate any order relating to his custody, or his parents natural custodial rights, by merely nominating a fit and suitable person as his guardian. The enactment may not be construed to be so potentially disruptive to the basic family structure of society. Sections 761 and 762 must be construed in conjunction with each other and that is: If it is necessary or convenient to appoint a guardian for a minor and the minor is above the age of fourteen, the minor may nominate his guardian and if the minor's nominee is a fit and suitable person, the judge must nominate the minor's nominee.

There is no evidence in the record establishing the necessity or convenience for appointment of a guardian. This is because no evidence was ever offered on the issue. We conclude, therefore, that there is nothing in the record to substantiate the trial court's finding that grounds for appointment existed, and that it was error for the trial court to enter any order appointing a guardian.

Order of the trial court reversed with directions to dismiss appellee's petition.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES and SIMMS, JJ., concur.

