## THE STATE OF VERMONT v. SAMUEL NUTT.

*Conviction of being a common seller of intoxicating liquors a bar to a prosecution for all previous acts of selling. Jurisdiction of justice.*

The conviction of a person for being a common seller of intoxicating liquor is a conclusive bar to a prosecution for single acts of sale previous to the filing of the complaint, upon which the conviction for being a common seller was had.

A complaint before a justice that the respondent "did become a common seller of, and at divers time sell, furnish or give away intoxicating liquor," &c., is to be treated as a complaint under the 5th section of the act of 1852, to prevent the traffic in intoxicating liquor; and upon such a complaint the justice is empowered, by the 18th section, to adjudge the respondent guilty of being a common seller, and impose the fine specified in the 9th section of said act.

INDICTMENT for a breach of the license law of 1852. Plea, not guilty; trial by jury, May Term, 1855,—UNDERWOOD, J., presiding.

Upon the trial the respondent produced a copy of the record of a complaint by the grand juror of Hartford, dated November 1st, 1854, charging that the respondent, " on the 27th day of September, 1854, did become a common seller of, and at divers times, sell, furnish or give away intoxicating liquors without authority," &c., and of a conviction of the respondent thereon, before a justice of the peace, on the 6th day of November, 1854, of being a common seller; and it was conceded that the breaches of the law found by the grand jury, and presented in said indictment, were all prior to said conviction. The respondent contended that said prior conviction was a bar to the indictment, and requested the court so to instruct the jury; but the court declined so to do, and held said conviction only, *prima facie*, a bar, and so told the jury.

The state's attorney gave evidence tending to prove that the breaches of the law alleged in the indictment, were other and different from those for which said conviction was had.

The state's attorney gave evidence tending to show what sales and furnishing were contained and embraced in said former conviction; and the court instructed the jury that they should not convict the respondent of any breach of the law respecting which any testimony was given in the trial before the justice, but that their inquiries should be limited to other and different breaches.

The jury returned a verdict of guilty of fourteen offences; to all which decisions and instructions of the court to the jury, and their refusal to charge as requested, the respondent excepted.

*Washburn & Marsh* and *J. Converse* for the respondent.

In the case at bar, the respondent was complained of as a common seller, and found guilty as such, for the same time, covered by this indictment.

What constitutes the crime of being a common seller ? How many offences did the magistrate, who tried the case, suffer himself to take cognizance of in predicating his judgment of guilty as a common seller ? Was it five, or fifty, or more ?

If his judgment was made up to convict the respondent of the crime of being a common seller from the evidence generally, that there was more or less of selling and furnishing upon that occasion, as it undoubtedly was, how can the state predicate and sustain a

new indictmet, upon the proof of a few isolated offences, that were not separately proved before the magistrate ?

It was these same offences, together with others, of which the respondent was guilty, that constituted him a common seller, and made him liable to its penalty. How then is the court to single out the offences, and say for such ones, he is guilty as a common seller ; and for other like offences committed on the same occasion, he is guilty of selling or furnishing, and may be indicted accordingly.

It seems to us that the only safe rule for the court to adopt is, to give to the prior.conviction the full force of a complete bar to an indictment predicated upon offences committed during the same period of time, covered by the former conviction.

Such is the rule in all other criminal cases; why should it not be in this ?

J. *Barrett*, state's attorney, for the prosecution.

In order to constitute a bar, the former conviction must be for the same offence as that sought to be prosecuted in the pending case ; *State* v. *Ainsworth*, 11 Vt. 91 ; *State* v. *Smith*, 22 Vt. 74.

When the identity does not, *prima facie*, appear on the face of the record, the *onus* is on respondent of showing it. The question of identity rests in proof. Where the record, *prima facie*, shows identity, the government may meet it by counter proof. See cases cited supra.

It is of no importance, that under that form of prosecution, all the acts of sale by the respondent, that had then occurred, *might* have been proved.

The point is, what offences were proved; 1 Ch. C. L. 462; 1 Archbold 114 & n. 1, and all the books.

Another view seems to dispose of the subject. The former conviction, in order to bar a subsequent prosecution for the same offence must have been valid ; and to this end the court in which it was had, must have had jurisdiction; 1 Arch. 113, n. 1; 112 text. 112–2 n, 112 ; 3 n.

The justice had no jurisdiction in the former prosecution of Nutt as a common seller.

Under the statute of 1852, as to intoxicating liquors, sec. 6, defines the jurisdiction, and limits it to offences under section 5.

The prosecution was for an offence under section 9. The statute does not give justices jurisdiction of that offence, nor of a prosecution against a person in that character, nor does it define what a common seller is.

Section 18 provides various forms of complaints ; near the close it provides that, under the foregoing complaints, every distinct act, &c., may be proved, and the court shall impose a fine for each offence ; or if the number exceeds five, the respondent may be adjudged a common seller, and subjected to the penalties provided in section 9.

This only gives the magistrate a special discretionary power in a specific form of prosecution, and for purposes quite obvious.

·  The opinion of the court was delivered, at the circuit session in October, by

BENNETT J.  At the December Term of the county court, 1854, the respondent was indicted by the grand jury of the county in divers counts, for selling intoxicating liquor without license.  On the trial of the case before a traverse jury, upon the plea of not guilty, the respondent gave in evidence a record of his former conviction of being " a common seller ;", and the case finds that it was conceded, on trial, that the breaches of the law found by the grand jury, and presented in said indictment, were all prior to said conviction ; and, as the case has been argued, *prior* to the praying out the complaint, upon which the conviction was had, the complaint having been  prayed out the first day of November, 1854, and the conviction and sentence of the court on the sixth.  We shall  dispose of the case upon the hypothesis assumed by the counsel on both sides ; that is, upon the ground that all the offences found by the grand jury were *prior in time* to the praying out the complaint, upon which the conviction, as " a common seller," was had, which no doubt was the fact.  No question was made below as to the admissibility of the record under the general issue ; but the question as to its legal effect, accompanied with the admission made by the counsel for the state, was the point submitted ; and their decision upon the point submitted, is what we are to revise.  We think the court erred in holding that the matter given in evidence was but a *prima facie* defense to the prosecution.

The complaint charged that the respondent did become "a common seller of, and at divers times did sell, furnish or give away intoxicating liquor, &c." It was evidently drawn under the 5th section of the act of 1852; and the conviction was for being "a common seller," by virtue of the 18th section of the same act. That section prescribes the form of a complaint under the different sections. The form under the 5th section, charges, "a selling, furnishing, or giving away, at divers times, intoxicating liquor, without authority, &c;" and at the close of the 18th section it is provided, that under a complaint under the 5th section, every distinct act of selling, furnishing, or giving away, may be proved, and the court may impose a fine for each offence; or if the number exceed five, the respondent may be adjudged "a common seller," and be subjected to the penalties provided in the 9th section in the case of a "common seller." The offence of "a common seller" consists in a frequent repetition of the act of selling without authority; and upon common principles, there must be such a continuation, or rather repetition of unlawful sales, as would prove the allegation, in the complaint, of being a common seller. The 18th section of the act of 1852, however, provides that any number of sales, exceeding five, may subject a person to be adjudged "a common seller." The offence of being "a common seller," is but one, and is an entire offence; and it may be necessary to prove all of the several and distinct acts of sale which the party has been guilty of, to make out the offence, or a less number may suffice; but we think if a respondent is charged with being "a common seller," and is convicted and sentenced for that offence, it must be a conclusive bar, up to the time the complaint is made, to any prosecution. grounded upon any one act of sale prior to that time, whether it was proved or attempted to be proved on the trial or not. The several sales are constituent parts of one offence, and one too, of a different character, when measured by the penalty, from that of a single act of sale.

It would be indeed strange, if the government, upon the ground they had proved six distinct acts of sale, could claim a conviction as "a common seller," and thereby increase the penalty from sixty to one hundred dollars, and still reserve in store other acts of sale to make each one the ground of a distinct prosecution and penalty. The fact is, if the government see fit to go for the offence of being

" a common seller," and the respondent is adjudged guilty, it must, in a certain sense, be considered as a *merger* of all the distinct acts of sale, up to the filing of the complaint, and the respondent cannot be punished but for one offence. This is not like the case where the conviction, relied upon in bar, was for an individual act of sale. Though I have said we should put the case upon the ground that the exceptions showed that the offences, charged in the indictment now before us, were committed before the filing of the first complaint ; yet it is not to be understood that we depart from the case made in the exceptions ; and if we take the case as made up, we should be obliged to open the case, because it was not, in that event, submitted to the jury, with the proper instructions. They should have been told that it was a conclusive bar as to all sales made prior to the filing the complaint, &c.

It has been said, in argument, that the first conviction was a nulity for want of jurisdiction in the justice. But treating the first complaint as being under the 5th section of the act, as we think it should be treated, jurisdiction is, by the 18th section, expressly given to the justice to adjudge the respondent guilty as " a common seller," and inflict the fine provided in the 9th section for that offence.

We think, then, the judgment of the county court must be reversed, and the cause remanded to the county court, unless the attorney for the government shall elect to enter a *nolle prosequi*.

During the term a *nolle prosequi* was entered.