## J. A. ESTEP v. STATE.

No. A-1769. Opinion Filed September 30, 1914.

(143 Pac. 64.)

1.  **FORMER JEOPARDY** — What Constitutes — Intoxicating Liquors.
    Plaintiff in error was convicted of the offense of unlawfully having possession of intoxicating liquors with the intention of violating provisions of the prohibitory law. He had previously been tried and acquitted by a jury on an information charging that he did keep and maintain a place in which liquors were kept for the purpose of selling, etc. The time of the commission of the offense was alleged the same in both informations. Upon arraignment defendant filed a motion to quash the second information on the ground of former acquittal of the offense charged, which was overruled. Thereafter he entered a plea of not guilty, and a special plea of a former judgment of acquittal of the offense charged. The constitutional guaranty, not to be twice put in jeopardy, is as follows: "Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall

any person be twice put in jeopardy of life or liberty for the same offense." Const. art. 2, sec. 21. **Held**, that to make the offenses the same, the informations need not be identical in language, and that on the pleadings and the record and proofs of identity the offenses charged were the same; it was therefore error to overrule the motion to quash.

2.　**SAME.** Under our system of jurisprudence, if the state elects through its authorized officers to prosecute an offense in one of its phases, or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the same criminal act or transaction under the color of another name.

3.　**SAME—Evidence.** Under the constitutional guaranty not to be twice put in jeopardy, the decisive test on a plea of former jeopardy is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to one information will equally sustain the other.

4.　**SAME—"Same Offense."** As used in Const. art. 2, sec. 21, providing that no person shall be twice put in jeopardy for the same offense, the term "same offense" does not signify the same offense eo nomine, but the same criminal act, transaction, or omission.

(Syllabus by the Court.)

*Appeal from County Court, Cleveland County;*
*F. B. Swank, Judge.*

J. A. Estep was convicted of a violation of the prohibitory law, and appeals. Reversed.

*B. F. Wolf,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J.　Plaintiff in error, Estep, was convicted and pursuant to the verdict was sentenced to be confined in the county jail for six months, and to pay a fine of $500. The information upon which he was convicted was filed October 11, 1911, and was verified by the oath of the county attorney. The charging part is as follows:

"That on January 1, 1910, and continuously thereafter, day after day, and upon the 7th and 8th and 16th days of November, 1910, and divers other days until the 6th day of October, A. D. 1911, in Cleveland county, state of Oklahoma, said J. A. Estep, late of said county, and within the jurisdiction of this court, did unlawfully and willfully have and keep in his possession spirituous, vinous, malt, and fermented liquors and

imitations thereof and substitutes therefor, and beer and whisky with the intention of violating the provisions of the prohibitory law of the state of Oklahoma, contrary to," etc.

Upon arraignment he filed a motion to quash the information on the ground of former acquittal of the identical charge, which motion was overruled. He then interposed a demurrer to the information, which was overruled. Thereafter he entered a plea of not guilty, and special plea of a former judgment of acquittal of the offense charged. In support of the motion to quash, and to support the special plea of former acquittal, an information, also verified by the county attorney, was introduced in evidence, the charging part of which is as follows:

"That on the 1st day of January, 1910, and continuously day after day, and on the 7th and 8th days of November, 1910, and divers other days until the 6th day of April, 1911, said John Estep, late of said county, and within the jurisdiction of this court, did unlawfully and willfully keep and maintain ·a certain place in Noble, Oklahoma, in which spirituous, vinous, malt, and fermented liquors, and imitations thereof and substitutes therefor were received and kept for the purpose of selling, bartering, giving away. and otherwise furnishing to divers persons to affiant unknown, contrary to," etc.

Also the record, showing that on October 9, 1911, he was tried on this information in said county court by a jury as John Estep, and that the jury returned the following verdict:

"We, the jury, impaneled and sworn to try the issues in the above numbered and entitled cause, do upon our oaths find the defendant not guilty."

The motion to quash and special plea of former acquittal averred that J. A. Estep is the identical person as John Estep; that by reason of the former information, trial, evidence, and acquittal by a jury, the defendant has been in jeopardy of the identical offense charged, and that this is a prosecution for that of which he has been acquitted. Said motion and special plea were duly verified. The evidence shows that plaintiff in error, at all times mentioned in the pleadings, was the proprietor of a livery stable and a cold-drink stand in the town of Noble. Frank W. Filson, Santa Fe agent at Noble,

produced express and freight records, showing deliveries to John A. Estep, from January 1, 1910, to July 21, 1911, shipments being Vivitone, Blue Malt, beer and whisky. On cross-examination he stated that he was a witness in the other case and these were the same identical records and books, and that his evidence, so far as he knew, was the same in each case and covered the same space of time. Four other witnesses testified for the state, and all stated that they were witnesses in the former case, and that their evidence in this case was substantially the same as that given by them in the former case. Several witnesses testified on behalf of the defense, and, to support his special plea, the defendant introduced in evidence the information in the former case, and the verdict of not guilty rendered by the jury therein. The jury returned a verdict finding that the defendant had not theretofore been acquitted of this charge, and further finding the defendant guilty as charged, and assessed the maximum punishment.

The principal question presented by the record and the errors assigned is that of former jeopardy. The constitutional guarantee not to be twice put in jeopardy is found in section 21 of the Bill of Rights and is as follows:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense." (Const. art. 2, sec. 21.)

In general it may be said that the issue on a plea of former jeopardy is one of fact rather than pleading. However, there are exceptions to this general rule, and a former acquittal may always be pleaded in bar to a second indictment or information for the same offense. In this case, we are of the opinion that the motion to quash, considered in the nature of a plea in abatement, presented a question of law to be determined on the pleadings and the record. To make the offenses the same, the informations need not be identical in language. The name of the offense in the two informations may differ, and within our constitutional guaranty the offenses be the same. 1 Bishop's

New Cr. L. par. 1050. The term "same offense," as used in the constitutional provision, does not signify the same offense *co nomine,* but the same criminal act, transaction, or omission.

It will be observed that the first information charges that the defendant did keep and maintain a place in which liquors were received and kept for the purpose of selling, bartering, giving away, or otherwise furnishing, as denounced by section 3610, Rev. Laws 1910. The offense defined by this section is a continuing offense, and an information charging a violation of this section may charge such keeping with a *continuando.* *State v. Brown,* 10 Okla. Cr. 52, 133 Pac. 1143.

"A continuing offense is a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy." (Wharton, Cr. Pl. 474.)

The second information purports to charge a violation of that clause of section 3605, Rev. Laws 1910, which provides that it shall be unlawful for any person "to have the possession of any such liquors with the intention of violating any of the provisions of this chapter." The allegation of time is the same as alleged in the first information, except that the *continuando* extends over the time between the filing of the two informations.

The first information was defective, in that it did not allege any particular place in which said liquors were kept. However, our Procedure Criminal provides that when the defendant "was acquitted on the merits, he is deemed acquitted of the same offense, notwithstanding a defect in form or substance in the indictment or information on which he was acquitted." Section 5808, Rev. Laws 1910. If the offense defined by the clause of section 3605, already quoted, is a continuing offense, then the charge in the second information should have been included in the first information, as a separate count, under section 5741, Procedure Criminal, providing that:

"Where the same acts may constitute different offenses, or the proof be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and

the accused may be convicted of either offense." (Rev. Laws 1910, sec. 5741.)

It appears that both informations were verified by the oath of the county attorney; that the names of the witnesses indorsed on both are the same, and the second information reaches back and covers nearly sixteen months of the time covered by the first information. An essential ingredient of both offenses sought to be charged is the unlawful possession of intoxicating liquor. That being one of the material facts in issue on the first trial, and determined in defendant's favor by the verdict, he should not be again put in jeopardy for that of which he has been acquitted. A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such. If the state elects, through its authorized officers, to prosecute an offense in one of its phases or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the same criminal act or series of acts under color of another name. The state will not be permitted to split or divide up an offense into divers parts, and punish each moiety. See *Hirschfield v. State,* 11 Tex. App. 207. A jeopardy on one information will bar a second whenever the proof shows the second case to be the same criminal act or transaction.

To give our constitutional provision the force evidently intended by the language used, and to render it effectual, the decisive test is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to the one information will equally sustain the other. The constitutional guaranty of immunity from a second prosecution is, in its nature, a restraint on the courts, and constitutional provisions for the security of the personal rights of the citizen should be liberally construed.

For the reasons stated, we have come to the conclusion that the court erred in overruling the motion to quash the information.

The second information, in so far as it purports to charge a violation of that clause of section 3605 already quoted, is bad for duplicity, and from that viewpoint the court erred in overruling the demurrer thereto.

The defendant requested an instruction based on section 5809, Rev. Laws 1910, which provides:

"When the defendant shall have been convicted or acquitted upon an indictment or information the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

No instructions having been given by the court based upon the foregoing section, the refusal of the court to give the instruction requested constitutes reversible error.

When, at the close of the state's evidence in chief, it appeared that the evidence adduced was the same as that on the first information, in our opinion the court should have directed a verdict of former acquittal. Considering the record as a whole, there can be no doubt that the acquittal of the defendant by the jury on the trial of the first information operates as a bar to his conviction upon the second information. The judgment is therefore reversed and the cause remanded, with directions to dismiss.

ARMSTRONG, P. J., and FURMAN, J., concur.