Essex County Court of Common Pleas.

State of New Jersey, plaintiff,

*v*,

James Twyman, defendant.

[Decided April 24th, 1924.]

Crimes—Common Thief—Conviction in City Criminal Court—
Appeal to Common Pleas—Evidence of Frequent Convic-
tions All More than Eighteen Months Prior to this Arrest—
Conviction Set Aside.

On review of conviction as a common thief.

*Mr. John P. Manning,* for the plaintiff.

*Mr. George A. Douglass,* for the defendant.

Flannagan, J.

The defendant was convicted in the first criminal court of the city of Newark of being a common thief, under the provisions of *2 Comp. Stat. p. 1927* § 1. The conviction is brought before this court in order that the legality of the proceeding and conviction may be reviewed and determined.

The only evidence, according to the record, upon which the defendant was adjudged to be a common thief, was that he had been convicted of larceny in Philadelphia, Pennsylvania, on April 5th, 1915, and again on April 24th, 1922, being sentenced to one year imprisonment on the former charge and to probation for one year on the latter, and on August 18th, 1922, having been arrested on suspicion of picking pockets, he was sentenced to one year imprisonment for violation of such probation or parole. The evidence also showed that he had been held April 4th, 1919, as an escaped prisoner from Ohio State Penitentiary for rob-

bery, and had been arrested as suspected of picking pockets on April 21st, 1921, and discharged.

Common thieves are enumerated in the statute with common drunkards, common night-walkers, common prostitutes, &c. (*2 Comp. Stat. p. 1927*), and are classed by some writers in the category of nuisances. The gravamen of the offense in this class of cases is manifestly the repeated or habitual violation of the law. *3 Wigm. Ev.* (*2d ed.*) *374 § 1620* (*3*); *1 Ibid. 443 § 203; 2 Whart. Cr.* (*11th ed.*) *1879, 1880 § 1715; World* v. *State, 50 Md. 49; State* v. *Nutt, 28 Vt. 598* (at *p. 602*); *Attorney-General* v. *Savage, 89 Ala. 9, 10.*

It is equally clear that the status of the defendant must be that of a common thief at the time specified in the charge.

The charge against the defendant was that he was on the 20th day of February, 1924, at the city of Newark, a common thief. There is no evidence in the record suggesting any act of larceny on the part of the defendant since August 2d, 1922, a period of over eighteen months before the date specified in the charge.

The defendant is presumed to be innocent, and must be proved guilty beyond a reasonable doubt.

Evidence of larcenies eighteen months previously are too remote to show that the defendant was an habitual violator at the time laid in the charge, or to support a finding that his status at that time was that of a common thief.

For this reason the conviction will be set aside and an order made discharging the defendant from custody.

NOTE.—The briefs of counsel indicate that the police officer making the arrest testified that the defendant was at the time he was arrested acting in a suspicious manner, but nothing to that effect appears in the transcript of testimony certified by the judge. If there was, as indicated by the briefs, testimony merely of the conclusion of the officer unsupported by any facts, it is of no evidential value.