# RALPH MOORE et al. v. STATE.

No. A-5182.   Opinion Filed Oct. 21, 1925.

(240 Pac. 153.)

Orban C. Patterson and Victor Sniggs, for plaintiffs in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Canadian county, December 19, 1922, Ralph Moore and Theodore Moore "did then and there willfully and unlawfully have in their possession intoxicating liquor, to wit, corn whisky, for the purpose of selling, bartering, and otherwise furnishing the same contrary to," etc.

On the trial the jury returned a verdict finding them guilty and fixing the punishment of each at confinement in the county jail for 30 days and a fine of $300. From the judgment rendered upon the verdict the defendants appeal.

Upon arraignment the defendants and each of them interposed a special plea of former acquittal, reciting that they are the identical persons tried and acquitted of the same charge in the same court in case No. 4318, and in support of the plea of former acquittal introduced the record, including the judgment of acquittal in said cause.

The information in cause No. 4318 charged that in Canadian county, December 19, 1922, Ralph Moore and Theodore Moore did manufacture corn whisky by the use of mash and a still.

The court of its own motion overruled this plea. Thereupon defendants filed a motion to quash the information on the ground that they were the defendants in cause No. 4318, in this court, and that by reason of the former information, trial, and acquittal by a jury in the case tried on the 20th day of February, 1923, they have been in jeopardy for the identical offense charged in this case, and this is a prosecution for that of which they have been acquitted, which motion was overruled and exception allowed.

The evidence shows that on December 19, 1922, Jack Smith, sheriff, together with his son, Jim Smith, and Lee Ryan, deputy sheriff, went to a tract of land northeast of Calumet, which appears to have been allotted to an Indian and unoccupied by any person; that upon arriving there they saw three men near a still. One of the men ran away and was not arrested. The other two men, the defendants in this case, remained. At the place where the defendants were standing was a whisky still and 25 gallons of whisky; the still was connected up and warm. The defendants claimed to have no interest in the still or the liquor, and stated that they lived some two or three miles northeast of the place; that they had started to their brother's farm, a short distance away, taking with them a shotgun for the purpose of hunting; that they had seen some quail, and were led out of their path while shooting quail, and had in their possession one quail; that they did not know who the man was that ran away, and did not know who the still belonged to.

Sheriff Smith testified that his testimony in the former trial of the defendants in this court, wherein they were charged with manufacturing the corn whisky seized on this occasion upon which the defendants were acquitted, was the same as his testimony in this case.

Lee Ryan, deputy sheriff, testified in substance to the same facts as did Sheriff Smith.

Jim Smith was also called by the state, and testified in substance to the same state of facts.

The state rested, and there was a motion by the defendants for a directed verdict upon the plea of former acquittal, and in support thereof the defendants introduced the information and the verdict of the jury in case No. 4318. The motion was by the court overruled.

The defendant Theodore Moore testified that he and

his brother, his codefendant, were on the way to obtain a tractor from another brother who lived in the vicinity, and that they took a shot gun with them and shot a quail, which was in their possession at the time of their arrest; that he had no interest or control over the land where the still and whisky was found; that this made a third trial he was having because of having been near the still; that he and his codefendant were tried in this county court for the manufacture of the whisky which was found at the still, and acquitted; that he was also tried in the federal court involving the same offense and was acquitted.

The defendant Ralph Moore testified to the same facts as did Theodore Moore.

Two other witnesses testified that they saw the defendants hunting a short time before their arrest.

At the close of the evidence there was a request by the defendants that the court submit the issue of former jeopardy to the jury, and that the jury be furnished with the information and verdict in the former case, which motion was denied.

The principal question presented by the record and the errors assigned is that of former jeopardy.

The constitutional guaranty not to be twice put in jeopardy is found in section 21 of the Bill of Rights, and is as follows:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense." Const. art. 2, §21.

Our Criminal Procedure provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted

and duly convicted or acquitted except as hereinafter provided for new trials." Section 2350, Comp. Stat. 1921.

And further that—

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information." Section 2626, Comp. Stat. 1921.

And further that—

"Where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense." Section 2558.

It appears that both informations were verified by the oath of the sheriff, Jack Smith; that the names of the witnesses indorsed on both are the same.

In Estep v. State, 11 Okla. Cr. 103, 143 P. 64, we said:

"A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such. If the state elects, through its authorized officers, to prosecute an offense in one of its phases or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the same criminal act or series of acts under color of another name. The state will not be permitted to split or divide up an offense into divers parts, and punish each moiety. * * * A jeopardy on one information will bar a second whenever the proof shows the second case to be the same criminal act or transaction.

"To give our constitutional provision the force evidently intended by the language used, and to render it effectual, the decisive test is whether the same testimony will

support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to the one information will equally sustain the other. The constitutional guaranty of immunity from a second prosecution is, in its nature, a restraint on the courts, and constitutional provisions for the security of the personal rights of the citizen should be liberally construed."

In the case of Jackson v. State, 11 Okla. Cr. 523, 148 P. 1058, we said:

"A plea of former acquittal is sufficient whenever it shows on its face that the second information is based upon the same criminal act or transaction. In determining whether there has been former jeopardy, the court is to look at the language of the first information, and if, under that information, the offense for which conviction is sought in the second prosecution might have been punished, then the defendant has been in jeopardy. The true test to make the plea a bar is whether the evidence necessary to support the second information would have been sufficient to procure a legal conviction on the first. The two informations allege the same date and have reference to the same intoxicating liquors, and while the offenses charged are not necessarily the same, they are of the same nature and kind. The acquittal under the first information was a finding that the defendant did not have possession of the liquors in question, and this finding was conclusive."

In the case of Ex parte Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118, it was held by the Supreme Court of the United States that—

"The conviction of the petitioner of the crime of unlawful cohabitation was a bar to his subsequent prosecution for the crime of adultery, committed during the same period, where the adultery charged in the second indictment was an incident and a part of the unlawful cohabitation, for which he had been convicted."

On the record before us we are convinced that the court erred in overruling the plea of former acquittal, and, when at the close of the state's evidence in chief it appeared that the evidence adduced was the same as that on

the first information in our opinion the court should have directed a verdict of former acquittal.

The judgment of the lower court is therefore reversed, and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.