## GEORGE HOCHDERFFER v. STATE.

No. A-5438.   Opinion Filed May 8, 1926.
(245 Pac. 902.)

216

C. H. Carswell and W. R. Wheeler, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. On information filed in the county court of Caddo county, charging that on the 24th day of November, 1924, he did have in his possession 10 gallons of whisky, with the unlawful intent to sell the same, appellant was tried and convicted. The jury failed to agree upon the punishment.

Motions for new trial and in arrest of judgment were duly filed, overruled, and the court sentenced appellant to pay a fine of $500, and be confined in the county jail for six months. To reverse the judgment he appeals.

In the view we have taken of the disposition of this case, it is neither important nor necessary to consider more than one of the questions presented in the record and brief; that is, the question raised by the plea of former jeopardy.

When the case was called for trial, appellant interposed a special plea that he had already been convicted upon an information filed in said court of the offense charged in this information, and, in support of the plea of autre fois convict, introduced the record in said cause, wherein the information charged that on the 24th day of November, 1924, he did unlawfully keep a place on lots 1 and 6, inclusive, in block 21, of the town of Apache, where intoxicating liquors are kept and possessed for sale, and as a place where people congregate and resort for the purpose of drinking intoxicating liquors, and the verdict returned finding him "guilty as charged in the information, and assess his punishment at 90 days in county jail and a fine of $250," and the judgment rendered in accordance with the verdict.

It appears that the names of the witnesses indorsed on both informations are the same, and the proof shows that both informations were predicated on evidence obtained in executing a search warrant against appellant's premises in the town of Apache, wherein the officers found and seized 10 gallons of whisky. The question thus raised is whether the facts set forth in the special plea show that appellant had been once in jeopardy for the same offense charged in the second information.

The constitutional guaranty not to be twice put in jeopardy is found in section 21, Bill of Rights, and is as follows:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy for the same offense."

Our Procedure Criminal provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prose-

cuted and duly convicted or acquitted except as hereinafter provided for new trials." Section 2350, C. S. 1921.

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information." Section 2626.

It is the well-settled doctrine in this state that a series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction. A single criminal act cannot be split up and subdivided into two or more distinct offenses, and prosecuted as such. If the state elects through its authorized officers to prosecute an offense in one of its phases or aspects, and upon his trial the defendant is convicted, it cannot afterwards prosecute the same criminal act under color of another name, and a jeopardy on one information will bar the second whenever the proof shows the second case to be the same criminal act or transaction.

In Estep v. State, 11 Okla. Cr. 103, 143 P. 64, we said:

"To give our constitutional provision the force evidently intended by the language used, and to render it effectual, the decisive test is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to the one information will equally sustain the other. The constitutional guaranty of immunity from a second prosecution is, in its nature, a restraint on the courts, and constitutional provisions for the security of the personal rights of the citizen should be liberally construed."

Thus, in the case of State v. Nutt, 28 Vt. 598, cited with approval by the Supreme Court of the United States, in Ex parte Nielsen, 9 S. Ct. 672, 131 U. S. 176, 33 L. Ed.

118, it was held that, where a person was convicted of being a common seller of liquor, he cannot afterwards be prosecuted for a single act of selling within the same period. If, said the court, " 'the government see fit to go for the offense of being a common seller,' and the respondent is adjudged guilty, it must, in a certain sense, be considered as a merger of all the distinct acts of sale, up to the filing of the complaint, and the respondent cannot be punished but for one offense." And see Jackson v. State, 11 Okla. Cr. 523, 148 P. 1058.

The two informations allege the same date, and have reference to the same intoxicating liquors, and, while the offenses charged are not necessarily the same, they are of the same nature and kind. The conviction on the first information was a finding that the defendant did have possession of the liquor in question with intent to sell the same. Applying the test stated, would proof of the facts alleged in the second information have warranted a legal conviction on the first information? It is obvious that the question admits of only an affirmative answer. The defendant requested an instruction based on section 2626, herebefore quoted, which the court refused to give.

When, at the close of the state's evidence in chief, it appeared that the evidence adduced was the same as that on the first information, we are of the opinion the court should have directed a verdict of former conviction, Considering the record as a whole, there can be no doubt that the conviction of defendant by the jury on the trial of the first information operates as a bar to his conviction upon the second information.

It follows from what has been said that the court erred in overruling the plea of former jeopardy.

The judgment is reversed and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.