## S. S. HAYES v. STATE.

No. A.-6558.   Opinion Filed May 18, 1929.
Rehearing Denied June 8, 1929.
(277 Pac. 955.)

See, also, 43 Okla. 85, 277 Pac. 954.

H. L. Fogg, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having the possession of a still capable of being used in the manufacture of intoxicating liquor, the alleged offense being on the 6th day of September, 1926, and was sentenced to imprisonment in the county jail for 60 days and to pay a fine of $350.   Motion for new trial was filed and overruled, exceptions saved, and defendant has appealed to this court.

The testimony on behalf of the state shows that a search warrant was issued to search the premises of the defendant, described as follows:

"On the land, building, ont-buildings and appurtenances and residence situated on the northwest quarter of Section 2, Township 14, Range 8, and occupied by one S. S. Hayes in Canadian County, Oklahoma."

The affidavit contained the necessary allegations to search the residence of the defendant by showing that it was a place where intoxicating liquor was kept, stored, and manufactured.

The testimony further shows that the search of the defendant's premises was made, and in an outbuilding a short distance from the defendant's residence, in the edge of the timber near where the defendant had a hogpen, the officers found a copper distillery complete, 31 barrels of mash, 6 five-gallon jugs, 3 ten-gallon kegs, 2 pressure tanks, 2 burners, 1 twenty-gallon jar, 1 pump, 1 day book with writing in it, and one-half pint of whisky.

The testimony further shows that, while the officers were concealed in the building where they found the still and other property, the defendant came to the house and came in; that they kept the defendant with them for some time, expecting the other parties who were interested with the defendant to come; that, while they had the defendant with them, the defendant stated to the officers that he had no interest in the property, except he expected them to pay him rent, as the parties had paid him rent once before this time.

The proof shows conclusively that the defendant knew the still was there and that it was going to be operated, and that defendant was aiding and abetting the other parties whoever they were in their attempt to violate the prohibitory laws.

A number of character witnesses were called in this case who testify to the general reputation of the defendant, who is a colored man, and the record discloses that the defendant had been persuaded by others to let them put the still on his land and operate the same upon his

premises upon the promise of paying him a certain price. One of the officers stated that the defendant told him that once before he had permitted these parties to make whisky on his place, and that they had paid him for the permission.

The defendant has assigned a number of errors alleged to have been committed in the trial of the case. After a careful consideration of the record and the errors assigned, we do not deem them of sufficient merit to justify a reversal of this case. The court properly declared the law. The defendant had a fair and impartial trial, and the record does not disclose any fundamental errors.

In view of the circumstances disclosed by the record in this case, and the good character this colored man has heretofore borne, as shown by the record, we believe that the punishment imposed upon him is excessive, and that the ends of justice would be met by a modification of the sentence of 60 days in jail and a fine of $350, to a sentence of 60 days in jail and a $200-fine, and, as so modified, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.