## S. S. HAYES v. STATE.

No. A-6559. Opinion Filed May 18, 1929.
(277 Pac. 954.)

H. L. Fogg, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, S. S. Hayes, hereinafter called the defendant, was found guilty of unlawful possession of mash, and his punishment fixed by the court at confinement in the county jail for 30 days and a fine of $150 and costs. Motion for new trial was filed and overruled, and the defendant has appealed to this court.

This is a companion case to case No. A-6558, 43 Okla. Cr. —, 277 Pac. 955. The conviction in this case rests on substantially the same evidence as the conviction in the case No. A-6558, under the provisions of sections 2619 and 2626, Comp. Stat. 1921. The defendant, in addition to his plea of not guilty, also filed

a formal plea of former conviction. The oral testimony introduced in this case is that the evidence of the state's witnesses in a former case was substantially the same as that given in the instant case—the same offense, as the term is used in the constitutional guaranty, section 21, art. 2, state Constitution. The statute just referred to does not mean the same offense, eo nomine, but means the same criminal act, transaction, or omission. In order to constitute a good plea of former jeopardy, the offense in which the plea is made must be the same as that in which, jeopardy has attached, but, to make the offense the same, it is not necessary that the informations be identical in language. The offenses may differ in name and yet be the same. 1 Bishop's New Cr. Law, par. 1050.

If the same testimony will support both charges, it is generally said that the offenses are the same. Estep v. State, 11 Okla. Cr. 103, 143 Pac. 64.

The testimony in this case is admitted to be the same as in No. A-6558. The record discloses that, at the time charged, the defendant, with others not named, had possession of a still and mash. The defendant has been convicted of having possession of a still. In Hirshfield v. State, 11 Tex. App. 207, the court held:

"The State may not split or divide up an offense into different parts, and punish an accused for each of such parts."

If the state elects through its authorized officers to prosecute an offense in one of its phases or aspects, it cannot prosecute for the same criminal act, or series of acts, under color of another name. The defendant having been put in jeopardy in the trial of case No. A-6558, and been convicted upon a charge of possession of a still, he cannot then be convicted upon a charge of possession of mash in

connection with that still; the evidence all being obtained at the same time and under the same search warrant. Hourigan v. State, 38 Okla. Cr. 11, 258 Pac. 1057; Hunter et al. v. State, 43 Okla. Cr. 136, 277 Pac. 953.

The case is reversed and remanded, with directions to dismiss.

EDWARDS, P. J., and CHAPPELL, J., concur.