## JACK HUNTER et al. v. STATE.

No. A-6544. Opinion Filed May 18, 1929.
(277 Pac. 953.)

J. Q. A. Harrod, for plaintiffs in error.

W. P. Morrison, Co. Atty., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Canadian county on a charge of having possession of mash and were each fined $50, and each sentenced to serve 30 days in the county jail.

This is a companion case to No. A-6545, 43 Okla. Cr. 138, 277 Pac. 952, decided at this sitting of the court, and the conviction rests upon substantially the same evidence as the conviction in that case. The defendants filed their conviction in A-6545 as a bar to a prosecution in this case. Under the search warrant issued in these cases the officers found a still and two barrels of mash upon the premises

of defendant, C. M. Hunter. At the proper time the defendants filed their plea of former jeopardy and former conviction, which plea was by the court overruled, and the ruling of such plea is now before this court in this appeal.

In the case of Hourigan v. State, 38 Okla. Cr. 10, 258 Pac. 1057, this court said in the body of the opinion:

"The 'same offense' as the term is used in the constitutional guaranty, section 21, art. 2, state Constitution, and the statutes just referred to, does not mean the same offense eo nomine, but means the same criminal act, transaction, or omission. To constitute a good plea on the ground of former jeopardy, the offense in which the plea is made must be the same as that in which jeopardy has attached. But to make the offenses the same, the informations need not be in identical language. The offenses may differ in name and yet be the same. First Bishop's New Criminal Law, par. 1050. Where the same testimony will support both charges, it is generally said that the offenses are the same. Estep v. State, 11 Okla. Cr. 103, 143 Pac. 64. The testimony in the case at bar is practically the same as the testimony given in No. A-5855. It discloses that at the time charged defendant with others had possession of the parts of a still and a quantity of mash. Defendant has been convicted of having possession of mash. The state may not split or divide up an offense into the different parts and punish an accused for each of such parts. Hirshfield v. State, 11 Tex. App. 207. * * * If the state elects through its authorized officers to prosecute an offense in one of its phases or aspects, it cannot afterwards prosecute for the same criminal act, or series of acts under color of another name."

The facts in the case at bar are practically the same as facts in Hourigan v. State, supra. The defendants having been put in jeopardy in the trial of No. A-6545 and been convicted upon a charge of possession of a still, they could not then be convicted upon a charge of pos-

session of mash in connection with that still, the evidence all being obtained at the same time and under the same search warrant.

For the reasons stated, the case is reversed and remanded, with instructions to dismiss.

EDWARDS, P. J., and DAVENPORT, J., concur.