## H. D. MURRAY v. STATE.

No. A-7854. Opinion Filed May 23, 1931.
(299 Pac. 506.)

Fogg & Melone, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county of the crime of unlawful possession of a still, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for 60 days.

The evidence of the state was that the officers, having a search warrant, searched the premises of defendant; that when they reached defendant's home there were a woman and some children in the yard; that the officers gave a copy of the search warrant to the defendant's wife; that a little way west of the house there was a lane leading from the house to the pasture; that the officers followed some tracks down that lane for 200 or 300 yards; that there was snow on the ground and the tracks were easy to follow; that about 300 yards from the house they heard some men talking, and going around the corner of a hill could see a cave door; that two men were in the cave pumping water; that one of the men was the defendant; that there was a complete distillery in the cave. This apparatus was identified and introduced in evidence as the state's exhibit A. That this distillery was capable of being used for distillation of whisky.

On cross-examination the officer testified that he also found 6 sacks of sugar, a sack of bran, and 64 gallons of whisky.

The defendant did not take the witness stand, but offered evidence of good character.

After the state and defendant had closed their evidence and the court had instructed the jury, the defendant renewed his demurrer to the evidence and stated as ground therefor that the evidence was insufficient to support a verdict of guilty for the reason that there was no evidence introduced by the state that the still found on the premises

was capable of being used in the distillation of intoxicating liquor. Thereupon, the court permitted the state to reopen its case and recall the officer who made the search and permit him to testify that the still captured was capable of being used for the distillation of intoxicating liquor.

This contention is without merit, for two reasons:

First. Because C. A. Pearce, the deputy sheriff who made the raid and seized the still, testified on direct examination as follows:

"Q. What is that apparatus capable of being used for? A. Distilling whisky.

"Q. We will call this exhibit A, this whole apparatus here. What does exhibit A consist of? A. Consists of a complete distillery."

This evidence of the state was sufficient to support the allegation in the information that the distillery was capable of being used for the manufacture of whisky.

The second reason why this contention is untenable is that it was within the sound discretion of the trial court to permit the case to be reopened, even after argument had begun, and permit the state to prove, if possible, some necessary fact in the case. Harvey v. Territory, 11 Okla. 156, 65 Pac. 837; Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609.

It was not necessary for the court to permit the case to be reopened for the purpose of making this proof, but no doubt out of an abundance of caution the court permitted this to be done. The evidence was sufficient to support the verdict of the jury before the case was reopened.

No prejudice appearing upon the face of the record, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.