# H. D. MURRAY v. STATE.

No. A.-8046.   Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 287.)

Fogg & Melone, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the state.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of hav-

ing possession of intoxicating liquor, and was sentenced to pay a fine of $250, and to be imprisoned in the county jail for 90 days. This is a companion case to Murray v. State, 51 Okla. Cr. 45, 299 Pac. 506. Under the provisions of sections 2619 and 2626, C. O. S. 1921, the defendant, in addition to his plea of not guilty, filed a plea of former conviction.

The oral testimony introduced in the case and the stipulation is that the evidence of the state witnesses in the former case is the same as that given in the instant case; the same offense as the term is used in the constitutional guaranty, section 21, art. 2, state Constitution. The statute just referred to does not mean the same offense, eo nomine, but means the same criminal act, transaction, or omission. In order to constitute a plea of former jeopardy, the offense in which a plea is made must be the same as that in which jeopardy is attached, but to make the offense the same it is not necessary that the information be identical in language. The offense may be different in form and yet be the same. 1 Bishop, Criminal Law, par. 1050.

"If the same testimony will support both charges it is generally said that the offenses are the same." Estep v. State, 11 Okla. Cr. 103, 143 Pac. 64; Hayes v. State, 43 Okla. Cr. 85, 277 Pac. 954.

The testimony in this case is admitted to be the same as in No. A-7854. The record discloses that at the time charged the defendant with another man had possession of a still and whisky in a dugout on the defendant's premises. The defendant has been convicted of having possession of the still. The state may not split and divide up an offense into different parts and punish the accused for the different parts. Hirshfield v. State, 11 Tex. App. 207.

If the state elects, through its authorized officers, to

prosecute on any one of its phases or aspects, it cannot prosecute for the same criminal act or series of acts under color of another. The defendant, having been put in jeopardy in case No. A-7854, and convicted upon a charge of possession of a still, cannot be convicted on a charge of possession of whisky in connection with that still; the evidence all being obtained at the same time, at the same place, and under the same search warrant. Hayes v. State, supra.

The case is reversed and remanded, with directions to dismiss.

EDWARDS and CHAPPELL, JJ., concur.