**James Patrick RYAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15177.**

Court of Criminal Appeals of Oklahoma.

July 1, 1970.

Don R. Nicholson, II, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert H. Macy, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

James Patrick Ryan, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County for the offense of Illegal Possession of Narcotic Drugs. From the judgment and sentence fixing his punishment at two years imprisonment in the state penitentiary, in accordance with the verdict of the jury, he appeals.

Briefly stated, the facts pertinent to this appeal are that on the 8th day of July, 1967, the defendant and another, committed an armed robbery at Davis Drug, 6620 N. W. 23rd in Oklahoma City, taking therefrom $93.00 in currency and a quantity of narcotic drugs. The defendant was apprehended four hours after the robbery by officers of the Oklahoma City Police De-

partment hiding in an apartment house at 6802½ N.W. 13th. In his possession at the time of his arrest was a quantity of Dilaudid which was identified as having been taken from the robbery of Davis Drug. The defendant was charged, tried and convicted for the crime of Armed Robbery and sentenced to serve 25 years imprisonment in the state penitentiary. Thereafter, he was brought to trial on the instant charge and prior to trial, entered a plea in bar alleging that his conviction for Armed Robbery precluded his trial for the illegal possession of narcotics taken in this robbery. On the trial of the instant case he entered a plea of not guilty and the further plea of former jeopardy.

■ On appeal he urges that having been tried and convicted for the offense of Armed Robbery, a subsequent trial for illegal possession of narcotics taken in said robbery constituted a violation of his constitutional rights prohibiting him from twice being placed in jeopardy for the same offense or any offense necessarily included in the first offense for which he was convicted. While the respective parties have presented excellent briefs, we deem it unnecessary to deal with this question at great length; suffice it to say that the offense of Armed Robbery had been completed when the money and drugs were taken and asported from the scene of the robbery some four hours prior to the defendant's arrest. The possession of drugs seized on the defendant was a separate and distinct offense and whether the defendant came into possession of them by purchase without prescription or by unlawful means, could not affect the legality of the possession subsequent to the robbery.

■ Defendant further contends that the trial court erred in refusing to give defendant's requested instruction as to what constitutes double jeopardy and the test applicable for determination thereof. In the instant case the court had determined this issue and there was no question of fact left for determination of the jury. Under such circumstances we follow the rule enunciat-ed in State v. Brooks, 38 Okl.Cr. 302, 260 P. 785:

"Where a plea of former jeopardy is made which involves no question of fact, but presents a question of law only, it is not necessary to submit such plea to the jury, but the court may act upon it as a question of law."

For the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, Presiding Judge (specially concurring).

The distinguishing features found in the instant case concern the elements of time and location. In the case of Hochderffer v. State, 34 Okl.Cr. 215, 245 P. 902, relied on by defendant, these two elements were the same. However, in the instant case, both elements were different in both charges. The armed robbery of the Davis Drug was completed when defendant left the store; whereas, at a different time and place the defendant was apprehended with the narcotics in his possession. Likewise, the proof required in each offense is different. The fact that the "dilaudid" was part of the property stolen by defendant is only incidental to the offense of possession of narcotics. Therefore, I CONCUR in Judge Bussey's opinion herein.

NIX, Judge (dissenting).

I am compelled to dissent from the decision adopted in this case at it has not dealt with a fundamental legal concept and express statutory provision.

Title 21, O.S.1961, § 23 provides:

"An act or omission which is made punishable in different ways by different provisions of this Code, or other penal statute, may be punished under either of such provisions, except that in cases specified in Sections 2805 and 2808 [21 O.S.1961, §§ 51 and 54], the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can it be punished under more

than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

It is significant that this statute speaks of an "act or omission" while the double jeopardy prohibition speaks of a conviction or acquittal of an "offense" as being a bar to another prosecution for the same "offense." If an "act" violates two different laws, it may be two "offenses" under double jeopardy interpretation, but Section 23 prohibits a single act being punished more than once under different statutes.

Although there has been little reference to this statutory provision in Oklahoma case law, the identical statute in California has been applied frequently. The California Penal Code, Section 654, provides as follows:

"An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. In the cases specified in Sections 648, 667 and 668, the punishments therein prescribed must be substituted for those prescribed for a first offense, if the previous conviction is charged in the indictment and found by the jury." (Enacted 1872).

In Neal v. State, 55 Cal.2d 11, 9 Cal. Rptr. 607, 357 P.2d 839 (1960), certiorari denied 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed. 2d 700, the California court ruled under its section 654 that the defendant could not be punished for attempted murder and arson where he had thrown gasoline into an occupied home and ignited it. In Neal the court held:

"Section 654 has been applied not only where there was but one 'act' in the ordinary sense * * * but also where a course of conduct violated more than one statute * * *.

* * * If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." 9 Cal.Rptr., at 611, 357 P.2d, at 843.

The Neal decision, however, makes it clear that where there are two victims in such a criminal attack, the defendant can be charged twice with attempted murder.

Further amplification of this statute was made in People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962):

"* * * the divisibility of a course of conduct depends upon the intent and objective of the defendant; and that if all the offenses are incident to one objective the defendant may be punished for any one of them but not for more than one." 26 Cal.Rptr., at 480, 376 P. 2d, at 456.

Alabama also has a similar statute and has adopted California's interpretation in Neal v. State, supra, and People v. McFarland, supra, in prohibiting punishment under more than one statute for a single criminal transaction. Wildman v. State, 42 Ala.App. 357, 165 So.2d 396 (1963). Wade v. State, 42 Ala.App. 400, 166 So.2d 739 (1964).

In the instant case, defendant Ryan was charged with possession of narcotic drugs taken in a robbery, the possession being on his arrest for the robbery. There is no controversy that the drugs were the same as those taken in the robbery, along with other items. It seems apparent that defendant Ryan's criminal act was essentially an armed robbery which violated both the statute against armed robbery and the statute against possession of narcotics, as both offenses were part of an indivisible criminal transaction.

This was holding of the California court in the same fact situation. In People v. Quinn, 61 Cal.2d 551, 39 Cal.Rptr. 393, 393 P.2d 705 (1964), defendant Quinn was one of two men who robbed a San Francisco pharmacy taking cash and narcotics, and

the court held he could not be punished for both a robbery conviction and possession of narcotics:

"The trial court also erred in sentencing defendant to concurrent sentences for first degree robbery and possession of narcotics. Section 654 of the Penal Code proscribes double punishment of a criminal act that constitutes more than one crime and concurrent sentences are double punishment. [citations] The section applies not only when there is one act in the ordinary sense, but when there is a course of conduct that constitutes an indivisible transaction punishable under more than one statute. [citations] In the present case, the theft and possession of the narcotics, the theft of the money, and the robbery were all part of an indivisible criminal transaction. [citations] Accordingly, if on retrial defendant is convicted of both possession of narcotics and robbery, he may be sentenced only for first degree robbery, the more serious of the two offenses." 39 Cal.Rptr., at 396, 393 P.2d, at 708.

The reasoning of the California courts in this regard is sound and highly persuasive.[1] Accordingly, the better rule in Oklahoma would be to apply the statute, 21 O.S.1961, § 23, as it was intended, and prohibit imposing punishment both for armed robbery and possession of narcotic drugs where the defendant's course of conduct constituted an indivisible transaction which incidentally violated two statutes. It seems abundantly clear that the legislature intended for a criminal act to be punished but not more than once. The legislative directive in this regard should not be lightly disregarded.

For other citations in accord with this dissent, see: People v. McFarland, supra; People v. Griffin, 209 Cal.App.2d 125, 129, 25 Cal.Rptr. 667; People v. Nor Woods, 37 Cal.2d 584, 586, 233 P.2d 897; People v. Kehoe, 33 Cal.2d 711, 715, 204 P.2d 321.

[1]. Oklahoma has previously held California cases highly persuasive in matters involving similar statutes. Harness v. Myers, 143 Okl. 147, 288 P. 285 (1930); Lester v. Smith, 83 Okl. 143, 200 P. 780 (1921).