**Nicky Arnold HELDENBRAND, Petitioner,**

v.

**Clarence M. MILLS, Presiding Criminal Judge of the District Court of Oklahoma County, State of Oklahoma, Respondent.**

No. A–15849.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1970.

Rhodes, Hieronymus, Holloway & Wilson, by Russell B. Holloway, Oklahoma City, for petitioner.

James L. Swartz, Asst. Dist. Atty., Oklahoma County, for respondent.

NIX, Judge:

This is an original proceeding for a writ of prohibition against the District Court of Oklahoma County. At the suggestion of an undercover police informer, a quantity of marihuana had been hidden by the Petitioner, age 18, and the informer, on land belonging to the informer's father. Operating under police instructions, on April 14, 1969, the informer asked to purchase some of the marihuana from the Petitioner with a marked $20 bill while driving Petitioner to the location of the marihuana stash. Petitioner was arrested upon arriving at the location where the marihuana was hidden.

Petitioner was immediately charged with Possession of Marihuana, case number CRF 69–820. After discussion between Petitioner's father and attorney and the district attorney, it was agreed the State would recommend a five year suspended sentence if Petitioner entered a guilty plea.

It was understood this would settle the matter with Petitioner at liberty to live in California. Petitioner entered a guilty plea and received a five year suspended sentence on April 30, 1969.

Approximately six months later, on October 2, 1969, a new case was filed as CRF 69–2422 charging Petitioner with Sale of Marihuana occurring on April 14, 1969. The sale charge stems from the same circumstances as the April 14th possession charge. Petitioner's objections on grounds of former jeopardy and prejudicial delay were overruled in the district court. The issue raised is one of former jeopardy.

The Oklahoma Constitution, Article 2, § 21, provides:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

■ In the early case of Estep v. State, 11 Okl.Cr. 103, 143 P. 64 (1914), this Court held:

"The term 'same offense,' as used in the constitutional provision does not signify the same offense eo nomine, but the same criminal act, transaction, or omission."

Title 22, O.S.1961, § 14, provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted, except as herein provided for new trials."

In Estep v. State, supra, defendant's conviction of "unlawful possession of intoxicating liquors" was held to violate the double jeopardy provision since he had already been acquitted on a charge of "keeping a place in which liquors were kept for sale." Both charges grew out of the same circumstances on the same date. Although the evidence of defendant's conduct would have supported convictions under two statutes, this Court found the jeopardy provision a bar to the second charge. The rule in *Estep* is as follows:

"An essential ingredient of both offenses sought to be charged is the unlawful possession of intoxicating liquor. That being one of the material facts in issue, on the first trial, and determined in defendant's favor by the verdict, he should not be again put in jeopardy for that of which he has been acquitted. A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such. If the state elects, through its authorized officers, to prosecute an offense in one of its phases or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the same criminal act or series of acts under color of another name. The state will not be permitted to split or divide up an offense into divers parts and punish each moiety. See, Hirschfield v. State, 11 Tex.App. 207. A jeopardy on one information will bar a second whenever the proof shows the second case to be the same criminal act or transaction."

\* \* \* \* \* \*

"The constitutional guaranty of immunity from a second prosecution is, in its nature, a restraint on the courts, and constitutional provisions for the security of the personal rights of the citizen should be liberally construed."

This rule has been followed in several cases allowing only one prosecution where two offenses were charged growing out of the same transaction. In Moore v. State, 32 Okl.Cr. 83, 240 P. 153, acquittal on the charge of manufacturing intoxicating liquors was held a bar to a subsequent charge of unlawful possession of intoxicating liquors where both informations alleged the same date and grew out of the same facts. "While the offenses charged are not necessarily the same, they are of the same nature and kind." 32 Okl.Cr., at 88, 240 P., at 153.

The charge of keeping a place where intoxicating liquors were kept for sale was dismissed in Hochderffer v. State, 34 Okl.Cr. 215, 245 P. 902, because the defendant had been convicted of unlawful possession of the same intoxicating liquors and "an essential ingredient of both offenses sought to be charged is the unlawful possession of intoxicating liquor." In Murray v. State, 52 Okl.Cr. 1, 2 P.2d 287, the charge of possession of intoxicating liquors was dismissed because defendant's conviction of possession of a still constituted a jeopardy bar. The defendant "convicted upon a charge of possession of a still, cannot be convicted on a charge of possession of whiskey in connection with that still; that evidence all being obtained at the same time, the same place, and under the same search warrant."

In Hayes v. State, 43 Okl.Cr. 85, 277 P. 954, conviction of possession of a still was a jeopardy bar to the charge of unlawful possession of mash which stemmed from the same set of circumstances, and were but two aspects of a single episode.

This Court, in Hochderffer v. State, supra, cited with approval, State v. Nutt, 28 Vt. 598, that if "the government see fit to go for the offense of being a common seller, and the respondent is adjudged guilty, it must, in a certain sense, be considered as a merger of all the distinct acts of sale, up to the filing of the complaint, and the respondent cannot be punished but for one offense."

The same merger concept has been expressed in federal decisions now applicable since the federal interpretation of jeopardy is binding on the states. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707. The Federal Bank Robbery Act, in separate sections, makes it unlawful to enter a bank with the intent to commit a robbery, or commit a bank robbery, or be in possession of stolen property from a bank robbery. Nevertheless, the United States Supreme Court has held that an offender cannot be convicted for violating each of these provisions in a single robbery

as the "gravaman of the offense is not the act of entering * * *. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime. Prince v. United States, 352 U.S. 322, 328, 77 S.Ct. 403, 407, 1 L.Ed.2d 370. The purpose in making possession of stolen property from a bank robbery a separate offense was "to reach a new group of wrongdoers, not to multiply offenses of the bank robbers themselves." The Supreme Court found "to pyramid penalties" for lesser involved offenses served no valid purpose. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407.

This Court has previously, in Moore v. State, supra, approved the soundness of the United States Supreme Court's decision in Ex parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118, which held:

"The conviction of the petitioner of the crime of unlawful cohabitation was a bar to his subsequent prosecution for the crime of adultery, committed during the same period, when the adultery charged in the second indictment was an incident and a part of the unlawful cohabitation, for which he had been convicted."

" * * * it seems to us very clear that where, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

Title 63, O.S.1961, § 451, sets out some sixteen different unlawful aspects in connection with marihuana including cultivation, protection, preparation, barter, selling, giving away, use, offer to sell, furnish or possession. It is apparent from a reading of Section 451 that the various unlawful aspects listed therein overlap and are intrinsically entwined. A person who sells a quantity of marihuana is at the same time guilty of possession, use, protection and offering for sale. Is he thereby liable for five different convictions and five sentences? Certainly this is not the

**378** ◼ ▬▬▬▬▬▬▬▬▬▬

express intent of this statute, and such a conclusion runs counter to the basic precepts of law. "A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such." Estep v. State, supra.

Marihuana possession is "an essential ingredient of both offenses" of sale and possession and "while the offenses charged are not necessarily the same, they are of the same nature and kind." In the instant case, both charges arise from one episode, on the same day, and prosecution on one is a bar to prosecution on the other. The possession was continuous and cannot be segmented to allow separate prosecutions under different names. The heart of the crime prohibited by Section 451 is unlawful involvement with marihuana in any aspect, but not for each and every aspect in one episode as the mental element merges into a single offense. The different aspects are listed to reach new groups of wrongdoers, not to multiply offenses and pyramid penalties on one transgressor.

> "If the state elects through its authorized officers to prosecute an offense in one of its phases or aspects, it cannot afterwards prosecute for the same criminal act, or series of acts under color of another name." Estep v. State, 11 Okl.Cr. 108, 143 P. 66; Hourigan v. State, 38 Okl.Cr. 11, 258 P. 1057.

◼ We therefore hold that the Petitioner, having been convicted of possession of marihuana, cannot be prosecuted for sale of marihuana, both being aspects of a single episode or transaction on the same day.

The writ is granted and the respondent herein directed to dismiss Case No. CRF–69–2422.

BUSSEY, J., concurs in result.

BRETT, Presiding Judge (concurring):

I concur with Judge NIX in the decision in this case. The facts of this case dis-

tinguish it from Ryan v. State, Okl.Cr., 473 P.2d 322, rendered 7–1–70, in that both alleged incidents were committed at the same moment of time and at exactly the same place. In *Ryan,* supra, the elements of time and place for the two offenses were entirely different. It is also important to observe that the prosecutor was fully aware of the possibility of two offenses existing when the first charge was filed; he made his election of charges at that time which is binding on the state.